UNITED STATES FIDELITY & GUARANTY COMPANY v
CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 149280. Submitted October 7, 1992, at Marquette. Decided
    March 25, 1993; approved for publication September 8, 1993, at
    9:05 A.M.

United States Fidelity & Guaranty Company, the automobile
    insurer of Dickinson-Iron Community Action Agency, brought
    an action in the Dickinson Circuit Court against Citizens
    Insurance Company of America, the general liability insurer of
    the agency, seeking a declaration concerning which insurer has
    primary responsibility for defending and indemnifying the
    agency in a wrongful death action brought on behalf of a
    person who used the senior citizen bus services provided by the
    agency and sustained fatal injury after alighting from an
    agency bus and being struck by another motor vehicle. The
    court, John D. Payant, J., granted summary disposition for
    Citizens after determining that the accident fell within an
    exclusion under the Citizens policy for bodily injury or property
    damage arising out of the ownership, maintenance, operation,
    use, loading, or unloading of an automobile owned or operated
    by or rented or loaned to the agency. USF&G appealed, con-
    tending that the complaint in the wrongful death action alleged
    a breach of duty as transporter and a breach of duty as
    caretaker and that liability for the latter breach was covered
    by the Citizens policy.

    The Court of Appeals held:

    As decided in Vanguard Ins Co v Clarke, 438 Mich 463
    (1991), there is no compelling rationale, and no sound jurispru-
    dential reason, to adopt the theory of dual or concurrent
    causation in the context of insurance liability to permit depar-
    ture from the literal interpretation of unambiguous insurance
    contracts. In this case, the trial court did not err in giving
    effect to the clear and unambiguous exclusion in the Citizens
    policy for bodily injury or property damage related to automo-
    bile ownership, maintenance, or use.

    Affirmed.

*Lori, Jaspen & Stopczynski, P.C.* (by *Daniel M.
Jaspen*), for the plaintiff.

*Davis, Olsen, Filoramo, Jarvi & McNamara, P.C.*
(by *Stephen T. Davis*), for the defendant.

Before: CONNOR, P.J., and BRENNAN and MARI-
LYN KELLY, JJ.

PER CURIAM. This declaratory judgment action
was commenced to determine which party was
primarily liable for the defense of the Dickinson-
Iron Community Action Agency and the satisfac-
tion of a potential judgment. Both parties insured
the Agency. The trial court granted summary
disposition to defendant. On appeal, plaintiff ar-
gues that the court erred in ruling that defendant
had no duty to defend or indemnify. We affirm.

The Agency provides bus services for senior
citizens. In December, 1985, Marguerite Richard
was a passenger on one of its buses. After her ride,
Richard got out of the bus, walked behind it and
into the street where she was struck by a vehicle
and died. On the date of the accident, plaintiff
covered the Agency with a general business auto-
mobile insurance policy and defendant covered it
with a general liability insurance policy.

Richard's estate sued the Agency. Although
plaintiff retained counsel to defend it, plaintiff
reserved all policy rights and obligations. Rich-
ard's complaint alleged in part that the Agency
failed to operate the transportation service in a
safe manner. It alleged failure to properly train
drivers, to provide an escort from the van to
Richard's destination and to maintain safety fea-
tures on the van.

Plaintiff filed a complaint for declaratory relief
seeking to determine the rights and obligations of
the parties under the Agency's insurance con-
tracts. The trial court granted summary disposi-
tion for defendant after concluding that the auto-

mobile exclusion in defendant's insurance policy applied.

I

Plaintiff argues that the trial court erred in granting summary disposition to defendant. It asserts that it is defendant that had the duty to defend the Agency and to provide potential indemnification. Defendant's general liability insurance policy provides:

> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises . . . .
>
> *   *   *
>
> This insurance does not apply:
>
> *   *   *
>
> (b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
>
> (1) any automobile or aircraft owned or operated by or rented or loaned to any insured.

The duty of an insurance carrier to provide a defense in an underlying tort action depends upon the allegations in the complaint. It extends to allegations which "even arguably come within the policy coverage." *Allstate Ins Co v Freeman,* 432 Mich 656, 662-663; 443 NW2d 734 (1989). However, the duty to defend and the duty to indemnify are not determined solely on the basis of the terminology used in a plaintiff's pleadings. *Freeman,* 662.

Instead, a court must focus on the cause of the injury to ascertain whether coverage exists. *Id.,* 662-663. It is the substance rather than the form of the allegations in the complaint which must be scrutinized. *Id.*

Plaintiff alleges that Richard's complaint contained two separate theories of liability: (1) damages arising from the Agency's breach of its duty as a transporter, and (2) damages arising from its breach of duty as a caretaker. Plaintiff argues that the damages arising from breach of duty as a caretaker could arguably fall within defendant's general liability insurance policy. Plaintiff acknowledges that it would be liable for damages arising from the Agency's breach of duty as a transporter.

Plaintiff characterizes the allegations in Richard's complaint as theories of liability or recovery, as opposed to theories of causation. The characterization is an apparent attempt to escape the rule enunciated in *Vanguard Ins Co v Clarke,* 438 Mich 463; 475 NW2d 48 (1991). The facts in *Vanguard* are that William Clarke drove home one night, closed the garage door and left the car running. Clarke, his wife and son died from carbon monoxide poisoning. William was still inside the car. His wife and son were inside the home. The Clarkes' homeowners' insurance policy excluded coverage for bodily injury arising out of the ownership, maintenance, operation or use of a motor vehicle. Clarkes' daughter filed a wrongful death action and sought recovery under the insurance policy. She argued that the deaths resulted from not one but two proximate causes, the closing of the garage door and the operation of the automobile.

The issue in *Vanguard* was whether Michigan should adopt the theory of dual or concurrent causation in the context of insurance liability.

Concurrent causation arises when one cause of the injury was insured and one or more additional causes were not. *Vanguard,* 465. In *Vanguard,* it was clear that the automobile insurance carrier was liable for damages arising out of the use of the automobile. In fact, the estate received insurance proceeds under William Clarke's automobile insurance policy. *Id.,* 473, n 8. It was less clear whether the homeowners' insurance carrier could be held liable, as well.

The Supreme Court refused to apply the theory of concurrent causation to hold the homeowners' insurance carrier liable. It found no compelling legal basis for or policy reason why the doctrine of dual causation should nullify an unambiguous insurance policy exclusion. Since the homeowners' insurance policy was unambiguous, the Court found that the carrier had no duty to defend or indemnify.

In this case, some of the allegations in Richard's complaint could arguably fall within defendant's general liability insurance policy. However, having examined the substance of Richard's allegations, we agree that, if the Agency is liable, it is for injuries arising from the ownership or use of its bus. See *Freeman,* 662-663. Had the Agency not owned the bus or operated it in the manner in which it did, there would have been no accident allegedly attributable to it.

Defendant's auto-related insurance policy exclusion is clear and unambiguous. See *Vanguard,* 471-472. There is no compelling legal basis or policy reason to nullify the policy exclusion. *Id.,* 474-475. Therefore, we refuse to distinguish between the Agency's alleged duties as transporter and caretaker under the facts presented. See *Vanguard,* 471-472. Moreover, the insured could have had no reasonable expectation that defendant would cover

Richard's injuries and subsequent death based on the policy's unambiguous exclusion. See *Vanguard,* 472. The trial court did not err in granting summary disposition to defendant.

Affirmed.