STATE FARM FIRE AND CASUALTY COMPANY v BASHAM

Docket No. 150459. Submitted April 8, 1994, at Detroit. Decided July
    18, 1994, at 9:05 A.M.

    State Farm Fire and Casualty Company brought an action in the
    Oakland Circuit Court against William and Karen Basham,
    seeking a declaration that State Farm, as the defendants'
    personal liability insurer under a homeowner's policy, had no
    duty to defend or indemnify the Bashams against an action by
    Jeannine Westwood because no bodily injury had been alleged
    by Westwood. The court, Barry L. Howard, J., granted sum-
    mary disposition for State Farm, ruling that Westwood's
    claimed psychiatric injury was not bodily injury that was
    covered by the State Farm policy. The Bashams appealed.

        The Court of Appeals *held:*

        "Bodily injury," defined in the State Farm policy as bodily
    harm, sickness, or disease, does not encompass psychiatric
    injury where, as in this case, no physical manifestations of such
    injury are alleged.

        Affirmed.

*Draugelis & Ashton* (by *Richard T. Haynes* and
*Steven O. Ashton*), for the plaintiff.

*Vincent J. Maloney,* for the defendants.

Before: GRIBBS, P.J., and WEAVER and R. P.
HATHAWAY,* JJ.

PER CURIAM. Defendants appeal as of right from
the trial court order that granted summary dispo-
sition to plaintiff pursuant to MCR 2.116(C)(10).
We affirm.

Plaintiff filed this action for declaratory judg-
ment to determine its obligations under a home-
owner's insurance policy to defend defendants, its

* Circuit judge, sitting on the Court of Appeals by assignment.

insureds, in an underlying action filed by Jeannine Westwood for damages for mental anguish, suffering, embarrassment, ridicule, humiliation, loss of wages and earning capacity, attorney fees and expenses, invasion of privacy, and harm to reputation. Westwood also sought damages for psychological and psychiatric injury. The complaint pleaded causes of action for libel, slander, intentional infliction of emotional distress, negligence, malicious prosecution, and invasion of privacy.

Defendants requested plaintiff to defend them and to provide coverage if they were found liable to Westwood. Plaintiff denied the request, claiming that coverage was excluded under the insurance policy because Westwood had not alleged any bodily injury in the underlying action. The provision in the policy upon which plaintiff relied for its denial of coverage provides:

COVERAGE L - PERSONAL LIABILITY
If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
1. pay to our limit of liability for the damages for which the insured is legally liable; and
2. provide a defense at our expense by counsel of our choice . . . .

Bodily injury is defined in the policy as

bodily harm, sickness or disease. This includes required care, loss of services and death resulting therefrom. Bodily injury does not include any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any insured to any other person. It also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any insured to any other person.

Plaintiff moved for summary disposition on the ground that there was no genuine issue of material fact that it did not have a duty to defend or provide coverage under the insurance policy. MCR 2.116(C)(10). The trial court granted the motion, finding that Westwood's injuries did not constitute the requisite "bodily injury" necessary to trigger coverage.

Defendants thereafter filed a motion for reconsideration, which was denied. In the motion, defendants included the affidavit of Dr. R. Curtis Bristol, who opined that physical manifestations result from psychiatric problems and that psychiatric damage is a form of bodily injury.

Whether an insurance carrier has a duty to defend its insured in an underlying tort action depends upon the allegations in the complaint. The duty extends to allegations that "even arguably come within the policy coverage." *Allstate Ins Co v Freeman,* 432 Mich 656, 662-663; 443 NW2d 734 (1989); *United States Fidelity & Guaranty Co v Citizens Ins Co of America,* 201 Mich App 491, 493; 506 NW2d 527 (1993). The duty to defend or indemnify, however, is not determined solely on the basis of the terminology used in the plaintiff's pleadings in the underlying action. *Freeman, supra* at 662. Rather, a court focuses on the cause of the injury to determine whether coverage exists. *Id.* at 662-663; *U S F & G, supra* at 493-494.

In *Greenman v Michigan Mutual Ins Co,* 173 Mich App 88; 433 NW2d 346 (1988), the plaintiff sued the defendant for failing to defend him in a lawsuit in which sexual harassment and discrimination were alleged. The trial court granted summary disposition in favor of the defendant on the ground that it was not required to provide coverage or a defense in the absence of bodily injury. *Id.* at 90. "Bodily injury" was defined in the policy as

bodily injury, sickness, or disease. This Court held, in pertinent part, that because the complainant in the underlying action did not allege any physical manifestations of her mental injuries, the plaintiff failed to fulfill the bodily injury requirement of the policy. As such, the defendant was not required to defend the plaintiff. *Id.* at 92. See also *Nat'l Ben Franklin Ins Co of Michigan v Harris,* 161 Mich App 86, 90; 409 NW2d 733 (1987) (the phrase "bodily injury," absent allegations of physical manifestations, does not encompass damages for humiliation, mental anguish, and mental distress); *Farm Bureau Mutual Ins Co of Michigan v Hoag,* 136 Mich App 326, 332, 335; 356 NW2d 630 (1984) (the phrase "bodily injury" does not encompass damages for humiliation, mental anguish, and mental suffering; at a minimum, physical manifestation of mental suffering is necessary to satisfy bodily injury requirement).

Defendants distinguish *Greenman, Harris,* and *Hoag* by claiming that psychiatric harm is a sickness or illness from which physical manifestations can result and as such constitutes "bodily injury" within the meaning of the policy. We disagree and hold that, absent physical manifestations, the phrase "bodily injury" does not include a claim for psychiatric damage. While we recognize that there are differences between "mental suffering" and "psychiatric damage," the distinction does not alter our analysis as it relates to insurance coverage. At a minimum, there must be allegations of physical manifestations supported by sufficient documented evidence in order for insurance coverage to be triggered.

In her complaint in the underlying action, Westwood did not allege any physical manifestations resulting from the psychiatric harm she claims to have suffered. Defendants did state in passing at

the summary disposition hearing that Westwood was suffering from alcoholism as a result of the psychiatric damage. However, defendants failed to present any documentary evidence in support of this allegation. Mere allegations are not sufficient to withstand a motion brought pursuant to MCR 2.116(C)(10). *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 115; 469 NW2d 284 (1991). Further, the affidavit of Dr. Bristol, which defendants presented at the hearing for the motion for reconsideration, was general in nature and did not address whether Westwood experienced any physical manifestations of injury. *Id.*

Accordingly, we conclude that the trial court properly granted summary disposition in favor of plaintiff because Westwood did not allege a bodily injury within the terms of the parties' insurance policy.

Affirmed.