FILED

**NOT FOR PUBLICATION**

SEP 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALE CONLEY; KAREN CONLEY, in the name of the Estate of Steve A. Stolp; KARIN M. STOLP; KAREN S. SCHNABL, co-personal representatives of the Estate of Steve A. Stolp, deceased; SILVERTIP ACCOUNTING, INC., AKA Silvertip Accounting; SILVERTIP CONSTRUCTION, INC., | No. 11-35577<br><br>D.C. No. 9:10-cv-00116-DWM<br><br>MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA; AMERICAN STATES INSURANCE COMPANY, | |
| Defendants - Appellees. | |

| | |
|---|---|
| DALE CONLEY; KAREN CONLEY, in the name of the Estate of Steve A. Stolp; KARIN M. STOLP; KAREN S. SCHNABL, co-personal representatives of the Estate of Steve A. Stolp, deceased; SILVERTIP ACCOUNTING, INC., AKA Silvertip Accounting; SILVERTIP CONSTRUCTION, INC., | No. 11-35617<br><br>D.C. No. 9:10-cv-00116-DWM |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs - Appellees,

v.

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA; AMERICAN
STATES INSURANCE COMPANY,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted August 31, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Dale and Karen Conley (the "Conleys") appeal the district court's order denying their motion for summary judgment and granting defendant's cross motion for summary judgment in this action against First National Insurance Company and American States Insurance Company ("Insurers"). Insurers cross-appeal the district court's finding that there was a covered "occurrence" under the subject policy. We have jurisdiction under 28 U.S.C. § 1332, and we **AFFIRM**.

---

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

The relevant insurance policy covered "bodily injury."  Under Montana law, "bodily injury" includes "mental or psychological injury that is accompanied by physical manifestations."  *Allstate Ins. Co. v. Wagner-Ellsworth*, 188 P.3d 1042, 1051 (Mont. 2008).  "Such conditions include those which are susceptible to medical diagnosis and treatment in a manner which distinguishes them from mental injuries." *Id.* at 1052.

The Conleys contend their allegation of "anxiety" triggered Insurers' duty to defend because, unlike emotional distress or mental anguish, anxiety "is commonly understood to *include* physical manifestations."  They further argue this duty was triggered by their October 1, 2009, letter to Insurers, which explained, "[T]he dread of the tax liability that the Conleys face [has] taken a serious toll on their health."

Even if anxiety "typically includes such things as headaches, sleeplessness, muscle tension, [and] nausea," an insurer need not assume physical manifestations rising to the level of "bodily injury" whenever "anxiety" is alleged.  *See id*.  "At a minimum, there must be allegations of physical manifestations supported by sufficient documented evidence in order for insurance coverage to be triggered." *Id*. at 1052 (quoting *State Farm Fire & Cas. Co. v. Basham*, 520 N.W.2d 713, 715 (Mich. App. 1994)).  The district court correctly held that the Conleys' letter "fails to make even a generalized reference to physical injury" and that it was reasonable

3

to read "a serious toll on their health" in context with the rest of the paragraph, which discussed only the "'emotional cost' of Stolp's bad advice."

The Conleys argue that, at the very least, their complaint and letter triggered a duty to investigate and that such an investigation would have revealed their extreme weight loss and chronic diarrhea. But Montana law supports the district court's holding that it was "not the [Insurers'] responsibility to affirmatively disprove a bodily injury where none had been alleged." *See Revelation Industries v. St. Paul Fire & Marine Ins. Co.*, 206 P.3d 919, 926 (Mont. 2009). Insurers fulfilled their duty to investigate by reading the complaint and submitted information and requesting "additional information, documentation or authority [that would] in any way help support [the] claim for coverage." *See Daly Ditches Irrigation Dist. v. National Sur. Corp.*, 764 P.2d 1276, 1279 (Mont. 1988).

We conclude that the district court was correct in granting summary judgment, because there was no genuine dispute as to any material fact relating to the asserted duty to defend, and defendants were entitled to judgment as a matter of law. Because we decide Insurers had no duty to defend, we do not reach other issues on appeal or cross appeal.

**AFFIRMED**.

4