HARDY v OAKLAND COUNTY

Docket No. 114678. Decided March 28, 2000. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgments of the Court of Appeals and the circuit court.

David C. Hardy brought an action in tort in the Oakland Circuit Court against Oakland County, alleging that a patrol car driven by an Oakland County sheriff's deputy negligently collided with his vehicle, and that the owner's civil liability statute imposed responsibility. The court, Barry L. Howard, J., entered judgment on a jury verdict for the county, and denied the plaintiff's motions for new trial and for judgment notwithstanding the verdict. The Court of Appeals, GRIBBS, P.J., and GRIFFIN and WILDER, JJ., affirmed in an unpublished opinion per curiam (Docket No. 206044).

In a unanimous opinion per curiam, the Supreme Court *held*:

A plaintiff seeking a tort remedy for noneconomic damages under the no-fault insurance act against a governmental agency under the vehicle exception to the governmental immunity act must make the threshold showings for pursuing such a remedy.

1. MCL 500.3135(1); MSA 24.13135(1) provides that a plaintiff can maintain an action for noneconomic tort damages only on a showing that he has suffered death, serious impairment of body function, or permanent serious disfigurement. However, MCL 691.1405; MSA 3.996(105) of the governmental immunity statute provides that a government agency is liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is the owner. The conflict is resolved by resort to subsection 3135(2) of the no-fault act, which reflects the Legislature's determination that the restrictions set forth in the no-fault act control the broad statement of liability found in the immunity statute.

2. The circuit court was correct when it ruled that the plaintiff was required to meet the no-fault thresholds, in this instance to show serious impairment of body function, in order to prevail in

his suit. The result accords with the intent of the Legislature as reflected in the plain language of the pertinent statutes.

Affirmed.

*Keller & Avadenka, P.C.* (by *Barry F. Keller* and *Ann Marie Pervan*), for the plaintiff-appellant.

*Plunkett & Cooney, P.C.* (by *Jeffrey C. Gerish*), for defendant-appellee.

PER CURIAM. The issue in this case is whether the threshold requirements for pursuing a tort remedy for noneconomic damages under the no-fault insurance act are applicable when the defendant is a governmental agency being sued under the vehicle exception to the governmental immunity act. The circuit court held that, in such an instance, the plaintiff was obliged to make the threshold showings. The Court of Appeals affirmed, as do we.

I

In the early morning hours of June 7, 1993, an Oakland County sheriff's deputy drove his marked patrol car into the back of a moving car that was traveling ahead of him on Kennett Road in the city of Pontiac. The deputy was driving faster than the speed limit, although he was not responding to an emergency. The exact circumstances of the collision were disputed at trial. However, for present purposes, it is settled that the deputy was negligent, but not grossly negligent, and that his inattention caused the accident.

In a November 1995 complaint, Mr. Hardy sued Oakland County, alleging that its vehicle had been

driven negligently and that the owner's civil liability statute[1] imposed responsibility.[2]

Before trial, the plaintiff filed a motion in which he argued that a plaintiff who sues a government agency under the vehicle exception[3] to the governmental immunity act,[4] is not obliged to show serious impairment of body function or the other threshold requirements[5] set by the no-fault insurance act.[6]

---

[1] This section shall not be construed to limit the right of a person to bring a civil action for damages for injuries to either person or property resulting from a violation of this act by the owner or operator of a motor vehicle or his or her agent or servant. The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. [MCL 257.401(1); MSA 9.2101(1).]

[2] The plaintiff also sued the deputy and the Oakland County Sheriff's Department, and included in his complaint a count alleging negligent entrustment. These other claims were dismissed in a partial summary disposition that is not being appealed.

[3] Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in [the Michigan Vehicle Code, MCL 257.1 to 257.923; MSA 9.1801 to 9.2623]. [MCL 691.1405; MSA 3.996(105).]

[4] 1964 PA 170, as amended, MCL 691.1401 et seq.; MSA 3.996(101) et seq.

[5] (1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

(2) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by [MCL 500.3101(3) and (4); MSA 24.13101(3) and (4)] was in effect is abolished except as to:

(a) Intentionally caused harm to persons or property. . . .

(b) Damages for noneconomic loss as provided and limited in subsection (1).

This is the language of MCL 500.3135; MSA 24.13135, as amended by 1979 PA 147, which was in effect on the date of the accident. The statute

The circuit court denied the plaintiff's motion, and the case was tried to a jury over the course of three days. The jurors returned special verdicts, which included these four:

> Was the operator of Defendant's vehicle negligent? _YES_
>
> Was the Plaintiff injured? _YES_
>
> Was the negligence of the operator of Defendant's vehicle a proximate cause of Plaintiff's injury? _YES_
>
> Did the Plaintiff's injury result in serious impairment of body function? _No_

The jurors had been instructed to stop, if they answered any of these four questions "No." Thus they did not answer a remaining series of questions that concerned the amount of damages and the plaintiff's own negligence, if any.

The circuit court entered judgment for the defendant county, and denied the plaintiff's motions for a new trial and for judgment notwithstanding the verdict.

The Court of Appeals affirmed.[7]

The plaintiff has applied to this Court for leave to appeal.

II

We are called upon to apply statutory provisions that are arguably in conflict. In resolving an issue involving the proper interpretation of statutory lan-

---

was later amended by 1995 PA 222, which does not affect the outcome of the issue we are deciding today.

[6] MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*

[7] Unpublished opinion per curiam, issued March 19, 1999 (Docket No. 206044).

guage, we undertake a review de novo. *Northern Concrete Pipe, Inc v Sinacola Cos—Midwest, Inc*, 461 Mich 316, 320, n 14; 603 NW2d 257 (1999); *Donajkowski v Alpena Power Co*, 460 Mich 243, 248; 596 NW2d 574 (1999).

In the present case, subsection 3135(1) of the no-fault act[8] provides that the plaintiff can maintain his action for noneconomic tort damages only on a showing that he "has suffered death, serious impairment of body function, or permanent serious disfigurement." Yet § 5 of the immunity statute[9] says without qualification that a government agency such as the defendant county "shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ."

The apparent conflict is readily resolved by resort to the plain language of these provisions. Subsection 3135(2) of the no-fault act,[10] which contains the partial abolition of tort liability, opens with the introductory clause, "Notwithstanding any other provision of law . . . ."[11] On its face, therefore, this measure reflects the Legislature's determination that the restrictions set forth in the no-fault act control the broad statement of liability found in the immunity statute.

---

[8] MCL 500.3135(1); MSA 24.13135(1).

[9] MCL 691.1405; MSA 3.996(105).

[10] MCL 500.3135(2); MSA 24.13135(2), as amended by 1979 PA 147. This language is now found in MCL 500.3135(3); MSA 24.13135(3), as amended by 1995 PA 222.

[11] See footnote 5.

For this reason, the circuit court was correct when it ruled that the plaintiff was required to meet the no-fault thresholds—in this instance that he was required to show serious impairment of body function—in order to prevail in his suit for noneconomic damages caused by the deputy's negligence. This result accords with the intent of the Legislature as reflected in the plain language of the pertinent statutes.

Accordingly, we affirm the judgments of the circuit court and the Court of Appeals. MCR 7.302(F)(1).

WEAVER, C.J., and CAVANAGH, KELLY, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.