HANNAY v DEPARTMENT OF TRANSPORTATION

Docket No. 307616. Submitted January 10, 2013, at Detroit. Decided
January 17, 2013, at 9:00 a.m. Leave to appeal sought.

Heather L. Hannay brought an action in the Court of Claims against
the Department of Transportation, seeking damages for injuries
she suffered when a salt truck driven by one of defendant's
employees ran a stop sign and struck her car. After a bench trial,
the court, Rosemarie E. Aquilina, J., awarded plaintiff $474,904 in
noneconomic damages, $767,076 for work-loss benefits, and
$153,872 in expenses for ordinary and necessary services. Defen-
dant appealed, and plaintiff cross-appealed.

The Court of Appeals *held*:

1. The trial court did not err by awarding plaintiff economic
damages for work loss and allowable expenses. Plaintiff brought
the action pursuant to the motor vehicle exception to governmen-
tal immunity from tort liability, MCL 691.1405, which provides
that governmental agencies may be held liable for bodily injury
and property damage resulting from the negligent operation of a
motor vehicle that the agency owns. Although the scope of
recoverable damages in negligence actions involving an agency-
owned motor vehicle are also governed by the no-fault act, MCL
500.3101 *et seq.*, which generally abolished tort liability arising
from the ownership, maintenance, or use of a motor vehicle in
Michigan, MCL 500.3135(3)(c) specifically allows the recovery of
damages for allowable expenses, work loss, and survivor's loss
exceeding the daily, monthly, and three-year limitations contained
in MCL 500.3107 to MCL 500.3110. These damages are not
independent causes of action but are types of damages that arise
from, and may be recovered because of, the bodily injury plaintiff
sustained. The bodily injury that must be incurred to maintain an
action against a governmental entity and the items of damages
recoverable from those injuries are separate and distinct from one
another. There was no dispute that plaintiff suffered a bodily
injury. Accordingly, benefits for work loss and for ordinary and
necessary services that exceeded the statutory personal protection
insurance benefit maximum pursuant to MCL 500.3135(3) were
awardable against defendant.

2. The trial court did not clearly err by basing its calculation of work-loss damages on what plaintiff might have earned as a dental hygienist instead of on what plaintiff was actually earning as a dental assistant when she was injured. Although speculative damages based on conjecture are not recoverable, damages need not be determined with mathematical certainty and may be awarded if a reasonable basis for computation exists. The court found that, but for the accident, plaintiff would have been accepted into the dental-hygienist program at the community college where she was enrolled, would have graduated, and would have been employed at least 60 percent of the time by the specific dental office where she was already working, at a rate of $28 an hour. These findings were supported by the testimony of plaintiff, the dentist who employed her, a dental hygienist employed at the same office, and an expert on financial modeling, as well as evidence regarding plaintiff's qualifications and the admission standards for the dental-hygienist program at the community college. Under these circumstances, the court's damages award was not purely speculative.

3. The trial court's factual findings in support of its decision to calculate plaintiff's work-loss award on the basis of part-time employment only were not clearly erroneous. The trial court specifically explained its decision to award damages based only on part-time employment given the evidence that plaintiff would be hired to replace a specific dental hygienist who worked only three days a week and that all the dental hygienists in the office worked part-time. The trial court's determination that this evidence was more credible than plaintiff's testimony that she had been offered full-time employment was entitled to deference.

Affirmed.

INSURANCE — NO-FAULT — GOVERNMENTAL IMMUNITY — MOTOR VEHICLE EXCEP-TION — DAMAGES — WORK-LOSS DAMAGES — DAMAGES FOR ALLOWABLE EXPENSES.

MCL 691.1405 provides that governmental agencies may be held liable for bodily injury and property damage resulting from the negligent operation of a motor vehicle that the agency owns; the scope of recoverable damages in negligence actions involving agency-owned motor vehicles is also governed by the no-fault act, MCL 500.3101 et seq.; MCL 500.3135(3)(c) specifically allows the recovery of damages for allowable expenses, work loss, and survivor's loss exceeding the daily, monthly, and three-year limitations contained in MCL 500.3107 to MCL 500.3110; these damages are not independent causes of action but are types of damages that arise from, and may be recovered because of, the bodily injury a

plaintiff sustained; the bodily injury that must be incurred to maintain an action against a governmental entity and the items of damages recoverable from those injuries are separate and distinct from one another.

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Gursten, Koltonow, Gursten, Christensen & Raitt, P.C.* (by *David E. Christensen*), for plaintiff.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *John P. Mack*, Assistant Attorney General, for defendant.

Before: HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ.

PER CURIAM. In this personal injury case, defendant, the Department of Transportation, appeals as of right and plaintiff, Heather Lynn Hannay, cross-appeals the Court of Claims' judgment following a bench trial. Defendant argues that the Court of Claims erred by awarding economic damages to plaintiff and, alternatively, that the Court of Claims' damage calculation was clearly erroneous. Plaintiff argues that the Court of Claims clearly erred by calculating her work-loss damages on the basis of part-time employment. Because we conclude that defendant was liable for the economic damages awarded to plaintiff by the Court of Claims, and because the calculation of plaintiff's damages by the Court of Claims was not clearly erroneous, we affirm.

On February 13, 2007, plaintiff was involved in a car accident with a salt truck owned by the state of Michigan and driven by Brian Silcox, an employee of defendant. Silcox failed to heed a stop sign and struck plaintiff's 1994 Oldsmobile. As a result of the accident,

plaintiff sustained injuries to her right shoulder and underwent four surgeries; a fifth surgery had been recommended at the time of the bench trial. Plaintiff suffers from chronic pain that causes fatigue, anxiety, and mood disorder, and she also requires assistance with normal daily activities. Plaintiff filed a complaint against both defendant and Silcox on October 1, 2009; however, plaintiff agreed to dismiss her complaint against Silcox before trial. In regard to defendant, plaintiff alleged that defendant owned the truck that failed to stop at a stop sign and struck her vehicle, resulting in a serious impairment of bodily function.

The case proceeded to a bench trial, and after plaintiff rested, defendant moved to dismiss pursuant to MCR 2.504(B)(2).[1] Defendant argued that the state was only liable for damages arising from bodily injury or property damage and that, accordingly, damages for work loss were not recoverable because those damages are barred by the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* Defendant summed up its argument by stating "that the court should dismiss the damages portion of the claim which relates to the alleged loss of earning capacity, and the claims for non-pathological injuries."

The trial court took the motion to dismiss under advisement and asked the parties to proceed with

---

[1] MCR 2.504(B)(2) provides in pertinent part:

In an action, claim, or hearing tried without a jury, after the presentation of the plaintiff's evidence, the court, on its own initiative, may dismiss, or the defendant, without waiving the defendant's right to offer evidence if the motion is not granted, may move for dismissal on the ground that, on the facts and the law, the plaintiff has no right to relief. The court may then determine the facts and render judgment against the plaintiff, or may decline to render judgment until the close of all the evidence.

closing arguments. Plaintiff argued that the evidence demonstrated that she suffered a serious impairment of bodily function. Plaintiff reviewed the testimony of the numerous medical professionals who testified during the trial. Plaintiff also made arguments regarding the extent of damages, noting all the limitations that plaintiff faces as a result of the accident. In its closing, defendant did not contest its liability; however, it did not concede that plaintiff suffered a serious impairment of bodily function or the amount of damages.

On November 18, 2011, the trial court issued its opinion. First, the trial court concluded that the proofs demonstrated that plaintiff suffered a serious impairment of bodily function and that, accordingly, plaintiff was entitled to noneconomic damages. The trial court balanced plaintiff's age and vibrancy with the fact that she will likely always have limited use of her shoulder and arm and suffer from chronic pain to conclude that plaintiff was entitled to a total award of $474,904 in noneconomic damages.[2] The trial court also concluded that plaintiff was entitled to economic damages pursuant to MCL 500.3135(3)(c), a section of the no-fault act, MCL 500.3101 *et seq.*, that specifically permits the award of damages for "allowable expenses, work loss, and survivor's loss . . . ." The trial court awarded plaintiff $767,076 in work-loss benefits and $153,872 in allowable expenses for ordinary and necessary services. Defendant now appeals as of right.

On appeal, defendant first argues that the trial court erred by awarding plaintiff economic damages for work loss and loss of services because only damages for

---

[2] On appeal, defendant does not challenge the trial court's conclusion that plaintiff suffered a serious impairment of bodily function, nor does defendant challenge the trial court's award of noneconomic damages.

"bodily injury" or "property damage" are recoverable under the motor vehicle exception to governmental immunity, MCL 691.1405.

The issues in this case require us to interpret the GTLA and the no-fault act. Issues of statutory interpretation are questions of law that we review de novo. *Driver v Naini*, 490 Mich 239, 246; 802 NW2d 311 (2011). The goal of statutory interpretation is to discern the intent of the Legislature by examining the plain language of the statute. *Id.* at 246-247. "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Id.* at 247.

Plaintiff alleged that defendant acted negligently. The elements of a negligence claim are duty, breach of duty, causation, and damages. *Hampton v Waste Mgt of Mich, Inc*, 236 Mich App 598, 602; 601 NW2d 172 (1999). However, the GTLA provides that governmental agencies are "immune from tort liability" when "engaged in the exercise or discharge of a governmental function" unless a specific exception to governmental immunity is applicable. MCL 691.1407(1); see also *Bennett v Detroit Police Chief*, 274 Mich App 307, 315; 732 NW2d 164 (2007). Thus, the general purpose of the act was to abolish tort liability for governmental entities, even if a plaintiff is able to establish the elements of a tort claim.

However, as noted, the GTLA provides for certain exceptions to the otherwise general grant of immunity to governmental entities. Plaintiff's action in this case was brought pursuant to the motor vehicle exception to governmental immunity. The motor vehicle exception provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or em-

ployee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. Under this exception, a defendant may be liable to a plaintiff for its negligent operation of a motor vehicle under the GTLA.

However, the fact that a tort action arising from a motor vehicle accident may be pursued against a governmental entity does not except the action from the application of the no-fault act. See *Hardy v Oakland Co*, 461 Mich 561; 607 NW2d 718 (2000). One of the areas regulated by the no-fault act is the scope of recoverable damages in a negligence action involving a motor vehicle. MCL 500.3135. The no-fault act addresses recoverable damages by specifically setting forth the circumstances under which tort liability arising out of the use of a motor vehicle is recognized. *Id.* The first two subsections of MCL 500.3135 cover noneconomic damages. The third subsection, MCL 500.3135(3), begins by stating: "Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle . . . is abolished except as to . . . ." Thereafter the provision lists the specific instances in which tort liability is not abolished. MCL 500.3135(3)(c) specifically provides that liability for damages for work-loss benefits exceeding the three-year limitation placed on personal protection insurance benefits and for benefits exceeding the three-year limitation and daily maximum rate for obtaining ordinary and necessary services for the benefit of the injured person are allowed.[3] Thus, the no-fault

---

[3] MCL 500.3135(3)(c) provides that tort liability was not abolished for the following:

Damages for allowable expenses, work loss, and survivor's loss as defined in [MCL 500.3107 to MCL 500.3110] in excess of the daily, monthly, and 3-year limitations contained in those sections.

act clearly permits the economic damages awarded by the trial court in this case, and there is no reason that the clear expression of recoverable damages set forth in the no-fault act is inapplicable to the government.

In this case, defendant does not dispute that the no-fault act provides for the award of economic damages. Rather, now—more than 48 years since the GTLA was enacted,[4] during which time economic damages have presumably been routinely awarded—defendant argues that the language of the motor vehicle exception precludes awarding economic damages as provided pursuant to MCL 500.3135(3)(c) because the damages recoverable pursuant to the motor vehicle exception are for the treatment of the bodily injury itself but not the broader damages associated with the bodily injury.

The only precedential authority that defendant cites that would suggest such a momentous change in the law is the definition of "bodily injury" as a "physical or corporeal injury to the body" that was announced in *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 85; 746 NW2d 847 (2008). Applying this definition of bodily injury, defendant argues that the economic damages for work loss and loss of services are not recoverable because the GTLA's motor vehicle exception, MCL 691.1405, waives liability only in regard to bodily injury or property damage as defined in *Wesche*. We conclude that defendant's reliance on *Wesche* in support of its position is misplaced.

The issue in *Wesche* was whether loss of consortium is recoverable against a governmental entity under the

The party liable for damages is entitled to an exemption reducing his or her liability by the amount of taxes that would have been payable on account of income the injured person would have received if he or she had not been injured.

[4] The GTLA was enacted in 1964 and became effective on July 1, 1965.

motor vehicle exception. *Wesche*, 480 Mich at 79. Applying a definition of bodily injury as being "a physical or corporeal injury to the body," the Court held that a loss-of-consortium claim is not recoverable because a loss of consortium is not a physical injury to the body, nor is a loss of consortium an item of damages derivative from the underlying bodily injury because loss of consortium has long been recognized as a separate, independent cause of action. *Id.* at 85.

In this case, it is clear, and defendant does not argue otherwise, that damages for work loss and loss of services are not independent causes of action, but are merely types or items of damages that may be recovered because of the bodily injury plaintiff sustained. Further, there is no dispute that plaintiff in this case sustained a bodily injury. Consequently, the holdings in *Wesche* are inapplicable to the issue in this case.

Plaintiff relies on, and defendant seeks to distinguish, this Court's recent decision in *Jago v Dep't of State Police*, unpublished opinion per curiam of the Court of Appeals, issued August 2, 2011 (Docket No. 297880).[5] *Jago* was a wrongful-death action premised on an automobile accident caused by an employee of the defendant. *Id.* at 1. At issue was the plaintiff's recovery of survivor's loss damages. *Id.* Like defendant in this case, the defendant in *Jago* argued that, under the *Wesche* definition of bodily injury, survivor's loss benefits were not recoverable under the GTLA because the GTLA permits only recovery for bodily injury or property damage. *Id.* at 3. This Court disagreed and held that survivor's loss benefits are damages for the bodily injury suffered by the person who died

---

[5] "An unpublished opinion is not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1). However, unpublished opinions can be instructive or persuasive. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

in the motor vehicle accident. *Id.* at 8. Thus, this Court concluded that survivor's loss damages are an item of damages for the bodily injury suffered by the deceased injured person, and the waiver of immunity in the motor vehicle exception applies to claims for excess survivor's loss benefits. *Id.*

Similarly, in this case, work-loss and loss-of-services damages are items of damages that arise from the bodily injuries suffered by plaintiff. To hold otherwise would conflate the actual-bodily-injury requirement for maintaining a motor vehicle cause of action against a governmental entity with the types of damages recoverable as a result of the bodily injury. To the contrary, we hold that the bodily injury that must be incurred to maintain an action against a governmental entity and the items of damages recoverable from those injuries are separate and distinct from one another. Accordingly, work-loss benefits and benefits for ordinary and necessary services that exceed the statutory personal protection insurance benefit maximum pursuant to MCL 500.3135(3) are awardable against governmental entities, and the trial court did not err by awarding those economic damages to plaintiff in this case.

Alternatively, defendant argues that the trial court clearly erred by basing its calculation of work-loss damages on what plaintiff might have earned as a dental hygienist instead of on the evidence of what plaintiff was actually earning at the time of her injury because it was not definite that plaintiff would ever work as a dental hygienist. Also, with regard to work loss, on cross-appeal, plaintiff argues that the trial court erred by failing to calculate her lost earning capacity on the basis of full-time employment instead of part-time employment because plaintiff testified that she was offered a full-time position upon graduation.

We review a trial court's determination of damages after a bench trial for clear error. *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 513; 667 NW2d 379 (2003). The trial court's findings of fact are also reviewed for clear error. *Id.* at 512. "A finding is clearly erroneous where, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake has been made." *Id.* "We will not set aside a nonjury award merely on the basis of a difference of opinion." *Marshall Lasser, PC v George*, 252 Mich App 104, 110; 651 NW2d 158 (2002) (quotation marks and citation omitted). Although speculative damages based on conjecture are not recoverable, damages need not be determined with "mathematical certainty"; it is "sufficient if a reasonable basis for computation exists." *Chelsea Investment Group LLC v Chelsea*, 288 Mich App 239, 255; 792 NW2d 781 (2010).

At issue in this case are damages for lost wages in excess of the daily, monthly, and 3-year limitations contained in MCL 500.3107 to MCL 500.3110. These damages are governed by MCL 500.3135(3)(c), which provides that tort liability arising from the ownership, maintenance, or use of a motor vehicle remains in regard to "[d]amages for allowable expenses, work loss, and survivor's loss" as defined in §§ 3107 to 3110. Section 3107 explains that personal protection insurance benefits are payable for "[w]ork loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured." MCL 500.3107(1)(b); see also *Copus v MEEMIC Ins Co*, 291 Mich App 593, 594-595; 805 NW2d 623 (2011).

The trial court specifically found that plaintiff was enrolled at Lansing Community College (LCC) and working toward her degree at the time of the accident.

The trial court further found that plaintiff was already employed at a dental office as a dental assistant. From the testimony regarding the admission standards for LCC's dental hygienist program and plaintiff's qualifications, the trial court concluded that plaintiff would have been admitted and would have successfully completed the dental hygienist program. From plaintiff's testimony and that of the dentist plaintiff worked for and a dental hygienist employed in the same dental office, the trial court concluded that plaintiff would have received a part-time job as a dental hygienist. Plaintiff and the dentist with whom she was employed both testified about the hourly wage plaintiff would have been paid as a dental hygienist.

In *Swartout v State Farm Mut Auto Ins Co*, 156 Mich App 350; 401 NW2d 364 (1986), this Court reversed the trial court's grant of summary disposition in favor of the defendant in regard to the issue of lost wages because the plaintiff, who was a nursing student, alleged facts demonstrating where she would have been employed, the date her employment would have begun, and the wages she would have received but for the accident. Similarly, in this case, plaintiff provided testimony to support a finding that, had she graduated from the dental hygienist program, she would have been employed by a specific dental office three days a week at the rate of $25 an hour. The dentist who employed plaintiff testified that he pays his dental hygienists $28 to $31 an hour. An expert on financial modeling testified that the national average for a dental hygienist is $28 an hour. The trial court found that, but for the accident, plaintiff would have been accepted into LCC's dental hygienist program, would have graduated, and would have been employed at least 60 percent of the time by a specific dental office at a rate of $28 an hour. The trial court's

findings were supported by the testimony of plaintiff, the dentist who owned the dental office, an expert on financial modeling, and a dental hygienist employed at the dental office, as well as evidence regarding plaintiff's qualifications and LCC's admission standards. Under these circumstances, we cannot conclude that the trial court's damages award was purely speculative. Thus, we conclude that the trial court's award for lost wages was not clearly erroneous.

In regard to plaintiff's cross-appeal, plaintiff argues that her testimony that she had been offered full-time employment was not contradicted and required the trial court to calculate her damages on the basis of full-time employment. However, the trial court specifically explained its decision to award damages based only on part-time employment. The trial court noted that plaintiff testified that she was going to be hired to replace a specific dental hygienist and that other testimony demonstrated that the dental hygienist she would replace worked only three days a week. Further, the trial court noted that the dentist who ran the office testified that all of his dental hygienists worked part-time. Thus, the trial court concluded that plaintiff had failed to meet the burden of demonstrating that she would have full-time employment.

We conclude that the trial court's factual findings in support of its decision to calculate plaintiff's work-loss award on the basis of part-time employment only were not clearly erroneous. Plaintiff's position relies on the determination that her testimony regarding the offer of full-time employment was more credible than the testimony supporting the conclusion that she would have only worked part-time. "[W]e defer to the trial court's superior position to observe and evaluate witness credibility." *Marshall Lasser*, 252 Mich App at 110. Thus,

we conclude that the trial court did not clearly err by calculating plaintiff's lost wages on the basis of part-time employment.

Affirmed. No costs pursuant to MCR 7.219, neither party having prevailed in full.

HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ., concurred.