# STATE OF MICHIGAN

# COURT OF APPEALS

JOEL A. PETERSON,

        Plaintiff-Appellee,

v

MOUNT MORRIS BOARD OF EDUCATION
and MARY CATHERINE BURKS,

        Defendants-Appellants.

UNPUBLISHED
April 23, 2015

No. 319424
Genesee Circuit Court
LC No. 12-099606-NI

Before: TALBOT, C.J., and MURPHY and GLEICHER, JJ.

PER CURIAM.

Joel Peterson sustained bodily injury when his vehicle veered off the road and crashed into a ditch. According to Peterson, a school bus driven by defendant Catherine Burks failed to yield at an intersection, forcing him to swerve to avoid a collision. Burks was employed by defendant Mount Morris Board of Education, a governmental entity. Peterson's complaint sought economic and noneconomic damages. The complaint described Peterson's noneconomic damages as including "great pain and suffering," "permanent serious disfigurement," "traumatic shock," and "severe mental and emotional anguish."

Mount Morris moved for summary disposition based on this Court's opinion in *Hunter v Sisco*, 300 Mich App 229; 832 NW2d 753 (2013), which held that the motor vehicle exception to governmental immunity, MCL 691.1405, precluded noneconomic damage claims in cases arising from a governmental employee's negligent operation of a motor vehicle. The circuit court entertained oral argument, and at the hearing ruled that Peterson's claims for "mental anguish, fright and shock, embarrassment, humiliation, or mortification or denial of social pleasure and enjoyment" would be dismissed. The court's written order stated:

> IT IS ORDERED that Defendant's Motion for Partial Summary Disposition in regard to Plaintiff's claims for mental and emotional anguish, fright, traumatic shock and embarrassment is GRANTED for the reasons stated on the record.

Mount Morris claimed an appeal, contending that the circuit court's order did not go far enough. According to Mount Morris, the circuit court should have granted summary disposition as to *all* noneconomic damage claims, including those involving "pain and suffering."

-1-

Inexplicably, Peterson failed to file a cross-appeal to challenge the balance of the court's summary disposition ruling.

In *Hannay v Dep't of Transp*, 497 Mich 45; ___ NW2d ___ (2014), our Supreme Court overruled this Court's *Hunter* decision, declaring that "a plaintiff may bring a third-party tort action for economic damages, such as work-loss damages, and noneconomic damages, such as pain and suffering or emotional distress damages, against a governmental entity if the requirements of MCL 500.3135 have been met." *Id*. at 51.[1] Reviewing a well-established, long line of case law, the Supreme Court elaborated:

> This body of caselaw collectively demonstrates the longstanding principle that tort damages generally include the damages that naturally flow from the injury, which may include both economic damages, such as damages incurred due to the loss of the ability to work and earn money, as well as noneconomic damages, such as pain and suffering and mental and emotional distress damages. [*Id*. at 67.]

The Court concluded that a plaintiff who suffers a bodily injury, and brings suit against a government defendant under the motor vehicle exception, is eligible to "recover for items of tort damages that naturally flow from that physical or corporeal injury to the body, which may include both economic and noneconomic damages." *Id*.

*Hannay* compels us to affirm the circuit court's denial of summary disposition regarding Peterson's pain and suffering claims. Under *Hannay*, Peterson is entitled to recover damages for pain and suffering proximately caused by the accident, provided that Peterson demonstrates he has sustained a threshold injury as defined by MCL 500.3135. *Hardy v Oakland Co*, 461 Mich 561, 565; 607 NW2d 718 (2000).

Moreover, *Hannay* compels us to reverse the circuit court's order granting partial summary disposition of Peterson's claims "for mental and emotional anguish, fright, traumatic shock and embarrassment." Although an appellee generally may not obtain a more favorable decision than was rendered by the trial court without filing a cross-appeal, *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994), this Court has the authority to "grant further or different relief as the case may require." MCR 7.216(A)(7). Because *Hannay* indisputably supports reversal of the portion of the circuit court's order granting Mount Morris

---

[1] *Hannay v Dep't of Transp*, 299 Mich App 261; 829 NW2d 883 (2013), a case decided three months before *Hunter*, involved a plaintiff's claim for work loss benefits, MCL 500.3135(3)(c). The defendant contended that the language of the motor vehicle exception to governmental immunity precluded this form of damage recovery "because the damages recoverable pursuant to the motor vehicle exception are for the treatment of the bodily injury itself but not the broader damages associated with the bodily injury." *Hannay*, 299 Mich App at 268. This was precisely the same argument as made and approved in *Hunter*. The Supreme Court granted leave in both cases, consolidating them for review.

partial summary disposition with respect to Peterson's claims "for mental and emotional anguish, fright, traumatic shock and embarrassment," we elect to exercise that authority.

We affirm the circuit court's denial of Mount Morris's motion for summary disposition with respect to damages for physical pain and suffering and reverse the circuit court's order granting partial summary disposition of Peterson's remaining noneconomic damage claims. We remand for further proceedings and decline to retain jurisdiction.

/s/ Michael J. Talbot
/s/ William B. Murphy
/s/ Elizabeth L. Gleicher