# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD THOMPSON-BEY,

       Plaintiff-Appellee,

and

AMERICAN ANESTHESIA AND
ASSOCIATES,

       Intervening-Plaintiff,

v

CITY OF DETROIT,

       Defendant-Appellant,

and

LEANDRE ODEN and TACARA R.
DONALDSON,

       Defendants.

UNPUBLISHED
September 18, 2018

Nos. 339795; 339918
Wayne Circuit Court
LC No. 16-006656-NI

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

In these consolidated appeals, in Docket 339795 defendant City of Detroit (the City) appeals as of right from the trial court's order denying the City's motion for summary disposition pursuant to MCR 2.116(C)(7). In Docket No. 339918, the City appeals by leave granted the same order in which the City's motion for summary disposition was denied pursuant to MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

This appeal arises from a December 17, 2015 motor vehicle collision involving a City bus operated by defendant Leandre Oden (Oden) and a vehicle driven by Tacara R. Donaldson

(Donaldson) in Detroit, Michigan.[1]  Plaintiff Ronald Thompson-Bey was a passenger on the City bus.  According to plaintiff's deposition testimony, he was riding the bus as it proceeded southbound on Woodward Avenue on December 17, 2015, at approximately 12 p.m. and the weather was fair, without rain or snow.  Plaintiff testified that when the collision occurred, the bus was over its capacity, with "standing room" only.  Oden was driving "real fast" in a construction zone on Woodward, "way over the, the [sic] speed limit for a construction zone."  Plaintiff estimated Oden was driving between 40 and 45 miles an hour.  When Donaldson's car "darted out" in front of the City bus, the bus "t-boned the car[,]" and plaintiff, who was standing up in the bus, hanging on to an arm rail, was thrown during the collision, all while still holding onto the arm rail.

As relevant to these appeals, the City and Oden filed a motion for summary disposition,[2] arguing that the City was immune from tort liability because it is a governmental entity.  The City and Oden also argued that Oden's actions were not (1) grossly negligent or (2) negligent and that he was also entitled to governmental immunity.  Additionally, the City and Oden asserted that plaintiff could not meet the threshold for non-economic damages set forth in MCL 500.3135(1).  In response, plaintiff asserted that questions of fact existed with regard to whether Oden operated the City bus in a negligent manner and that plaintiff had presented evidence to establish that he had incurred a serious impairment of a body function as contemplated by MCL 500.3135(1).  Following a hearing, the trial court denied the City's motion for summary disposition.  In Docket No. 339795, the City now appeals as of right and in Docket No. 339918 the City appeals by leave granted.

## II.  STANDARDS OF REVIEW

This Court will review the trial court's decision regarding a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 117; 597 NW2d 817 (1999).  Where the City moved for summary disposition pursuant to MCR 2.116(C)(10), "a motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden*, 461 Mich at 120.

> When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists.  A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence. [*Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010) (footnotes omitted).]

Where the City moved for summary disposition pursuant to MCR 2.116(C)(7):

---

[1] Donaldson and Oden are not parties to these appeals.

[2] The City and Oden's motion was brought pursuant to MCR 2.116(C)(7),(8), and (10).

. . . this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate [*Dextrom*, 287 Mich App at 428-429 (footnotes and citations omitted).]

## III. ANALYSIS

## A. GOVERNMENTAL IMMUNITY

In the trial court and this Court, the City's primary argument is that plaintiff failed to establish an exception to governmental immunity.[3] MCL 691.1407(1) provides:

> Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function.

When determining if an exception applies to governmental immunity, the Michigan Supreme Court has stated "[t]he legislative immunity granted to governmental agencies and their employees is broad. This immunity, however, is subject to five narrowly drawn statutory exceptions." *Stanton v Battle Creek*, 466 Mich 611, 615; 647 NW2d 508 (2002). The exception at issue in these appeals, MCL 691.1405, provides, in pertinent part:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner [.]

The elements of negligence are "(1) duty, (2) breach, (3) causation, and (4) damages." *Hannay v Dep't of Transp*, 497 Mich 45, 64; 860 NW2d 67 (2014). With regard to negligence, the key issue here is whether Oden breached the standard of care when operating the City bus. "Ordinary care means the care that a reasonably careful person would use under the circumstances." *Case v Consumers Power Co*, 463 Mich 1, 7; 615 NW2d 17 (2000). It is usually

---

[3] While the City also asserts in Docket No. 339795 that the trial court erred in denying its motion for summary disposition pursuant to MCR 2.116(C)(7) where Oden was not grossly negligent, this issue is not properly before this Court, as the trial court ruled in the City's favor with respect to the issue of Oden's gross negligence. Specifically, during the hearing on the City's motion for summary disposition, the trial court determined there was no record evidence of gross negligence on the part of Oden.

up to the jury to determine if the defendant's conduct fell below this standard. *Id.* Additionally, there is a rebuttable presumption of negligence when a statute is violated. *Klanseck v Anderson Sales and Services*, 426 Mich 78, 86; 393 NW2d 356 (1986).

> This presumption may be rebutted by evidence of a legally sufficient excuse for the statutory violation. Absent such excuse, the jury may infer negligence on the basis of the violation. It is then for the jury to determine whether violation of the statute was a proximate cause of the accident. [*Id*.]

MCL 257.649(7) provides, "[t]he driver of a vehicle traveling at an unlawful speed forfeits a right of way that the driver might otherwise have under this section." In addition, MCL 257.627 states:

> A person operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition existing at the time.

To the extent that the City contends that Oden acted reasonably when presented with a sudden emergency, the sudden emergency doctrine provides as follows:

> One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. [*White v Taylor Co Distrib*, 275 Mich App 615, 636; 739 NW2d 132 (2007) (citations and quotation marks omitted).]

The parties do not dispute that Donaldson's car darted out in front of the City bus. However, the key issue in dispute is whether there is evidence to support a finding that Oden was negligent. Viewing the record evidence in the light most favorable to plaintiff, *Maiden*, 461 Mich at 120, there is a genuine issue of material fact regarding whether Oden breached his duty of care and was negligent in operating the City bus. Specifically, the record evidence demonstrates that Oden was travelling at a high rate of speed in a construction zone, driving with a crowded bus which had at least one person, plaintiff, standing up and holding onto the rails. According to plaintiff's deposition testimony, Oden was driving at a high rate of speed which curtailed his ability to avoid the accident with Donaldson. In addition, the record reflects that Oden's alleged negligence in driving at a high rate of speed was heightened where there were increased hazards as he was driving in a construction zone with only one lane open. Also, where the record reflects that Oden was driving at a high rate of speed, which no doubt impacted his ability to avoid the collision with Donaldson, the sudden emergency doctrine would not be applicable where Oden contributed to the unsafe conditions. *White*, 275 Mich App at 636. Consequently, where a reasonable jury could find that Oden breached the duty of ordinary care and was negligently operating the City bus, the trial court correctly (1) determined that the motor vehicle exception to governmental immunity is applicable and (2) denied the City's motion for summary disposition.

## B. SERIOUS IMPAIRMENT OF A BODY FUNCTION

The City's arguments in its brief on appeal in Docket No. 339918 can be distilled into two main challenges to the trial court's ruling. First, the City contends that plaintiff did not incur an objectively manifested impairment of an important body function where his alleged injuries existed before the December 17, 2015 motor vehicle accident. Second, the City alleges that plaintiff is unable to demonstrate that his "general ability to lead his . . . normal life[,]" MCL 500.3135(5), was impacted where the record does not provide adequate information to compare plaintiff's life before and after the motor vehicle accident at issue. While the City did not raise the specific argument pertaining to plaintiff's lifestyle before and after the motor vehicle accident in the trial court, this Court may consider an unpreserved legal issue where the necessary facts to resolve it are available. *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 98-99; 494 NW2d 791 (1992).

At issue in these appeals is whether plaintiff presented evidence of a serious impairment of body function resulting from the December 17, 2015 motor vehicle accident that would allow him to pursue non-economic damages against the City. MCL 500.3135 provides, in pertinent part:

> (1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, *serious impairment of body function*, or permanent serious disfigurement.
>
> * * *
>
> (5) As used in this section, "serious impairment of body function" means an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life. [Emphasis added.]

In *McCormick v Carrier*, 487 Mich 180, 195; 795 NW2d 517 (2010), the Michigan Supreme Court held that "three prongs . . . are necessary to establish a 'serious impairment of body function': (1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life."[4] "[A]n 'objectively manifested' impairment is commonly understood as one observable or perceivable from actual symptoms or conditions." *Id*. at 196.

> Overall, [dictionary definitions] used in interpreting [MCL 500.3135] suggest that the common meaning of "objectively manifested" in MCL 500.3135(7) is an impairment that is evidenced by actual symptoms or conditions that someone

---

[4] The Michigan Supreme Court has recognized that a plaintiff pursuing a claim against a governmental agency for the negligent operation of a motor vehicle is required to meet the no-fault tort threshold set forth in MCL 500.3135(1). *Hardy v Oakland Co*, 461 Mich 561, 565, 566; 607 NW2d 718 (2000).

-5-

other than the injured person would observe or perceive as impairing a body function. [*McCormick*, 487 Mich at 196.]

"[W]hen considering an 'impairment,' the focus 'is not on the injuries themselves, but how the injuries affected a particular body function.'" *Id.* at 197 (citation omitted).

With regard to the second prong, a body function will be considered "important" depending on its "value," "significance," or "consequence" to the injured person. *Id.* at 215. The third prong requires that the impairment of an important body function "affect[ ] the person's general ability to lead his or her normal life." *Id*. at 200. This is a subjective inquiry and "requires a comparison of the plaintiff's life before and after the accident." *Id.* at 202.

Therefore, the plain text of [MCL 500.3135 and dictionary definitions used to interpret the statute] demonstrate that the common understanding of to "affect the person's ability to lead his or her normal life" is to have an influence on some of the person's capacity to live in his or her normal manner of living. By modifying "normal life" with "his or her," the Legislature indicated that this requires a subjective, person- and fact-specific inquiry that must be decided on a case-by-case basis. [*Id.*]

Turning first to the issue of whether plaintiff incurred an objectively manifested impairment of an important body function, MCL 500.3135(5), plaintiff presented evidence to demonstrate that, following the accident, he suffered a rotator cuff injury in his left shoulder. For example, plaintiff himself testified during his deposition that he suffered from extreme pain in his shoulder following the motor vehicle accident, and that physical therapy actually made his pain worse. Plaintiff consulted with Dr. Michael Bagley, who diagnosed him with suffering from the rotator cuff injury, and after conservative treatment did not provide plaintiff with relief, Dr. Bagley performed surgery to repair the rotator cuff injury. After his August 20, 2016 surgery on his shoulder, plaintiff was still experiencing significant pain, and still had to attend physical therapy. Dr. Bagley's notes from plaintiff's surgery also provide further information with respect to the injury to plaintiff's shoulder, and attributed the injury to plaintiff's involvement in the December 17, 2015 motor vehicle accident. Accordingly, the record evidence amply demonstrates that plaintiff incurred an objectively manifested impairment of his shoulder where this impairment was "evidenced by actual symptoms or conditions that someone other than [plaintiff] would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196.

During his deposition testimony, plaintiff also testified about the significant pain he experienced to his knee after the motor vehicle accident, and the medical treatment that he sought as a result. Specifically, plaintiff incurred a meniscus tear in his left knee, and Dr. Bagley ultimately performed surgery on his knee. Dr. Bagley's notes confirm that plaintiff incurred a "medial meniscus tear" to his left knee discernable from an MRI, and that, while plaintiff had suffered from osteoarthritis in his knee before the motor vehicle accident on December 17, 2015, this condition became "symptomatic" and was aggravated and exacerbated following the December 17, 2015 motor vehicle accident. Because of the "disabling" nature of plaintiff's left knee injury, Dr. Bagley performed surgery, specifically "an arthroscopic partial medial and partial lateral meniscectomy with chrondroplasty of the medial femoral condyle."

The City, in support of its motion for summary disposition, produced evidence suggesting that plaintiff had suffered from medical conditions that caused him pain before the December 17, 2015 motor vehicle accident. While the City now argues that this evidence confirms that plaintiff had pre-existing injuries, and that he therefore did not suffer an "objectively manifested impairment" caused by the December 17, 2015 accident, we do not find this assertion persuasive. In *Patrick v Turkelson*, 322 Mich App 595, 599, 601; 913 NW2d 369 (2018), a case where the injured plaintiff experienced hearing loss after a motor vehicle collision in which her airbags deployed, this Court recently considered whether the record evidence demonstrated that the plaintiff's hearing loss was caused by the motor vehicle accident. In doing so, the *Patrick* Court set forth the applicable legal principles with regard to causation:

> Proximate causation is a required element of a negligence claim. See *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Causation is an issue that is typically reserved for the trier of fact unless there is no dispute of material fact. *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 326; 661 NW2d 248 (2003).

> "To establish proximate cause, the plaintiff must prove the existence of both cause in fact and legal cause." *Weymers v Khera*, 454 Mich 639, 647; 563 NW2d 647 (1997). While the term "proximate cause" is also a term of art for the concept of legal causation, Michigan courts have historically used the term proximate cause "both as a broader term referring to factual causation and legal causation together and as a narrower term referring only to legal causation." *Ray v Swager*, 501 Mich 52, 63; 903 NW2d 366 (2017). However, in *Ray*, the Michigan Supreme Court explained that "[a]ll this broader characterization recognizes . . . is that a court must find that the defendant's negligence was a cause in fact of the plaintiff's injuries before it can hold that the defendant's negligence was the proximate or legal cause of those injuries." *Id*. at 63-64 (quotation marks and citation omitted). The *Ray* Court also reiterated that "'[p]roximate cause' has for a hundred years in this state, and elsewhere, been a legal term of art; one's actions cannot be a or the 'proximate cause' without being both a factual and a legal cause of the plaintiff's injuries." *Id*. at 83.

> Establishing cause in fact requires the plaintiff to "present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Weymers*, 454 Mich at 647-648 (quotation marks and citation omitted). Although causation cannot be established by mere speculation, see *id*. at 648, a plaintiff's evidence of causation is sufficient at the summary disposition stage to create a question of fact for the jury "if it establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support," *Wilson v Alpena Co Rd Comm*, 263 Mich App 141, 150; 687 NW2d 380 (2004) (quotation marks and citation omitted) [aff'd 474 Mich 161 (2006)].

> "To establish legal cause, the plaintiff must show that it was foreseeable that the defendant's conduct may create a risk of harm to the victim, and . . . [that]

the result of that conduct and intervening causes were foreseeable." *Weymers*, 454 Mich at 648, (quotation marks and citation omitted; alteration in original). [*Patrick*, 322 Mich App at 616-617.]

We acknowledge that the evidence the City presented does confirm that plaintiff had medical conditions that caused him pain and discomfort before the motor vehicle accident giving rise to these appeals, and that, as recently as November of 2015, plaintiff was seeking treatment for these medical conditions. However, at best, this evidence does create a factual dispute concerning the origin of plaintiff's medical conditions, particularly with regard to the pain and discomfort in his left knee. Put another way, it is possible that the jury could conclude that the injuries plaintiff claimed arose from the December 17, 2015 motor vehicle accident were actually existing before that date. *Id*. at 620. However, the record evidence in its totality, viewed in the light most favorable to plaintiff, *Maiden*, 461 Mich at 120, also reflects that as a result of the collision between the City bus and Donaldson's vehicle, plaintiff, who was standing on the bus, holding on to an arm rail, was thrown on impact and his arm was left hanging. Plaintiff also collapsed on his left knee as a result of the collision and was unable to stand afterward. Following the collision, plaintiff suffered from significant pain in both his left knee and left shoulder, received medical treatment for both conditions, and the medical documentation confirms that plaintiff suffered from a rotator cuff injury in his shoulder and a meniscus tear in his left knee, both of which required surgery.[5] Therefore, the record evidence is such that the jury could reasonably conclude that "'more likely than not, but for [Oden's] conduct, . . . plaintiff's injuries would not have occurred.'" *Patrick*, 322 Mich App at 617, quoting *Weymers*, 454 Mich at 647-648. Put another way, plaintiff's evidence regarding the cause in fact of his injuries was not "mere speculation," and it created a question of fact for the jury where it "establishe[d] a logical sequence of cause and effect[ ]" with regard to the occurrence of his alleged injuries, even though other plausible theories for plaintiff's medical conditions and alleged injuries existed. *Patrick*, 322 Mich App at 617, 620. Consequently, where the record evidence contains factual disputes regarding whether plaintiff's alleged injuries were in fact caused by Oden's conduct during the motor vehicle accident on December 17, 2015, the City's argument that summary disposition ought to have been granted in its favor is without merit.

Additionally, plaintiff has put forth ample evidence to support his claim that his injuries following the motor vehicle accident impacted his general ability to lead his normal life. MCL 500.3135(5). For example, plaintiff testified during his deposition that although he used to work out extensively before the accident, he was no longer able to do so. Similarly, plaintiff required attendant care services during the day following the motor vehicle accident, and also required the assistance of his fiancée to get in and out of the bathtub and to wipe himself after using the restroom. Plaintiff was unable to drive himself anywhere, and relied on his fiancée and his attendant care provider to help him bathe, do laundry, clean his home, maintain his yard and to do his grocery shopping. Plaintiff also testified that his sexual relationship with his fiancée was impacted by his injuries. While the City faults plaintiff for not providing more specific evidence

---

[5] Notably, the evidence that the City submitted in support of its motion for summary disposition does not address any pain or discomfort relating to plaintiff's left shoulder.

from before the motor vehicle accident concerning the activities that he is now limited in performing, this argument is unavailing where the record evidence, particularly plaintiff's deposition testimony, is sufficient to allow for "a comparison of [plaintiff's] life before and after" the December 17, 2015 motor vehicle accident. *McCormick*, 487 Mich at 202. Therefore, where the record evidence, viewed in the light most favorable to plaintiff, *Maiden*, 461 Mich at 120, supports a finding that plaintiff's alleged injuries had an influence "on some of [plaintiff's] capacity to live in his . . . normal manner of living[,]" *McCormick*, 487 Mich at 202, the trial court correctly denied the City's motion for summary disposition.[6]

## IV.  CONCLUSION

In both Docket No. 339795 and 339918, the trial court's order denying the City's motion for summary disposition is affirmed.  Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

---

[6] Where the parties dispute the nature and extent of plaintiff's injuries, and the factual dispute "is material to determining whether the threshold standards are met[,]" the trial court, and this Court, may not decide, as a question of law, whether plaintiff has suffered a serious impairment of a body function.  MCL 500.3135(2)(a)(*ii*); *McCormick*, 487 Mich at 192-193.