NATIONAL BEN FRANKLIN INSURANCE COMPANY OF
MICHIGAN v HARRIS

Docket No. 87742. Submitted February 3, 1987, at Grand Rapids. Decided March 30, 1987.

Larry D. Harris filed a complaint against the Village of Cassopolis and others in federal court claiming that those defendants had discriminated against him because of his race and mental handicap in terminating his employment with the village. The defendants in that action requested National Ben Franklin Insurance Company of Michigan, which had issued a policy of insurance to the village, to bear the cost of their defense and to cover any liability assessed against them as a result of the alleged discriminatory conduct. Ben Franklin filed a declaratory judgment action in Cass Circuit Court naming Harris, the Village of Cassopolis, and others as defendants and requesting that the court find that the defendants in the underlying action were not covered under the terms of the policy issued by Ben Franklin. The court, Michael E. Dodge, J., granted summary disposition in favor of Ben Franklin. The defendants appealed.

The Court of Appeals *held:*

1. The trial court correctly granted Ben Franklin's motion for summary disposition because Harris did not allege a bodily injury within the terms of the parties' insurance policy.

2. Even if Harris did suffer a bodily injury, defendants in the underlying action were not entitled to coverage because the bodily injury would not have arisen out of an occurrence as defined by the policy and because the policy does not cover bodily injury to employees of the insured arising out of and in the course of an employee's employment.

3. Furthermore, even if Harris had suffered bodily injury as a result of an occurrence, as required by the policy, his claim would be denied because the policy clearly and unambiguously states that an insured may not recover for bodily injury to the insured's employees when they are injured in the course of

REFERENCES

Am Jur 2d, Insurance §§ 703 *et seq.*

See the annotations in the Index to Annotations under Insurance and Insurance Companies.

their employment. The only physical injury alleged by Harris was one for which he received workers' compensation benefits. The exclusion provision bars coverage for workers' compensation claims.

4. Plaintiff had no duty to defend the defendants in the underlying action because no theory of recovery falls within plaintiff's policy coverage.

Affirmed.

INSURANCE — BODILY INJURY.

The term "bodily injury" as used in a liability insurance policy has been generally held to be unambiguous and is understood to mean actual physical hurt or harm to the human body; the term "bodily injury" does not include humiliation and mental anguish and suffering.

*Bremer, Wade, Nelson & Alt* (by *Michael D. Wade, Phillip J. Nelson,* and *James H. Lohr*), for plaintiff.

*French & Lawrence* (by *Daniel H. French*), for defendant.

Before: D. F. WALSH, P.J., and J. H. GILLIS and K. B. GLASER,* JJ.

PER CURIAM. Defendants appeal as of right the trial court's order granting plaintiff's motion for summary disposition. MCR 2.116(C)(10). We affirm.

Plaintiff filed this declaratory judgment action in order to determine whether it had a duty to provide coverage to or to defend defendants-insureds under the terms of its insurance policy. In September, 1983, Larry Donnell Harris filed a complaint in federal district court against the Village of Cassopolis and others claiming that those defendants had discriminated against him because of his race and mental handicap in terminating his employment with the village. Upon being sued by Harris, the defendants asked plain-

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff in this action to defend them and to provide coverage if they were found to be liable to Harris. After reviewing Harris' complaint, plaintiff informed the defendants that they were not covered for the allegations set forth by Harris. Thereafter, plaintiff filed this declaratory judgment action, requesting the court to find that the defendants were not covered under the terms of the policy. Later, plaintiff moved for summary disposition and the trial court granted its motion. Defendants moved for rehearing, but their motion was denied. They now appeal to this Court.

The parties do not dispute that the following policy language is dispositive:

### I. COVERAGE A—BODILY INJURY LIABILITY

\* \* \*

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage. . . .

### EXCLUSIONS

This insurance does not apply:

\* \* \*

(i) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion

does not apply to liability assumed by the insured under an incidental contract. . . .

\* \* \*

VI. DEFINITIONS

When used in this endorsement . . . :

\* \* \*

"bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

\* \* \*

"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured . . . . .

Defendants claim that Harris alleged bodily injury in his complaint. In *Farm Bureau Mutual Ins Co of Michigan v Hoag*, 136 Mich App 326, 332, 335; 356 NW2d 630 (1984), lv den 422 Mich 920 (1985), this Court held that the phrase "bodily injury" is unambiguous and does not include humiliation and mental anguish and mental suffering. As a minimum, this Court held, it would require physical manifestation of mental suffering to satisfy the bodily injury requirement. *Id.*

In this case, Harris repeatedly asserted that he suffered humiliation, mental anguish and mental and physical distress; however, he did not allege any physical manifestations of his mental injuries. Moreover, the only physical injury described by Harris was one for which he received workers' compensation. As noted in the exclusion provision quoted above, plaintiff is not liable for such injuries. Hence, we conclude that the trial court correctly granted plaintiff's motion for summary disposition because Harris did not allege a bodily

injury within the terms of the parties' insurance policy.

Even if we were to accept defendants' contention that Harris suffered a bodily injury, we would still conclude that defendants were not entitled to coverage because (1) the bodily injury did not arise out of an occurrence as defined by the policy and (2) the policy does not cover bodily injury to employees of the insured (defendants) arising out of and in the course of an employee's employment.

First, an occurrence, as defined above, does not include acts intended or expected to result from the insured's actions. Instead, it involves an accident. See also *Frankenmuth Mutual Ins Co v Kompus,* 135 Mich App 667, 678-680; 354 NW2d 303 (1984), lv den 421 Mich 863 (1985). Although Harris alleges injuries "arising out of . . . acts involving negligence and also acts of [a] deliberate nature on" defendants' parts, we conclude that Harris' claim is really one for discriminatory acts intentionally engaged in by defendants. *Id.,* p 682. See also *Hoag, supra* at 333, discussing *Rolette County v Western Casualty & Surety Co,* 452 F Supp 125 (D ND, 1978). See and compare *Linebaugh v Berdish,* 144 Mich App 750, 763; 376 NW2d 400 (1985).

Second, even if we accepted defendants' arguments that Harris suffered bodily injury as a result of an occurrence, we would have to deny his claim because paragraph (j) of the exclusion provisions quoted above clearly and unambiguously states that an insured may not recover for bodily injury to the insured's employees when they are injured in the course of their employment. Reading the insurance policy as a whole, we reject defendants' claim that exclusion provision (j) was intended to apply to workers' compensation claims; instead, we find that exclusion provision (i)

bars coverage for workers' compensation claims and, therefore, provision (j) applies to bar coverage for claims such as those made by defendants. See generally *Murphy v Seed-Roberts Agency, Inc,* 79 Mich App 1, 8; 261 NW2d 198 (1977).

Because we have concluded that no theory of recovery falls within plaintiff's policy coverage, plaintiff had no duty to defend defendants in the suit filed by Harris. *Linebaugh, supra,* pp 762-763.

Affirmed.