STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v DESCHEEMAEKER

Docket No. 106536. Submitted February 9, 1989, at Detroit. Decided June 13, 1989.

John Descheemaeker was injured in an automobile accident with Carolyn Fliger. Fliger was insured under a no-fault insurance policy issued by State Farm Mutual Automobile Insurance Company which limited liability coverage to $25,000 for each person, which the policy defined as "all damages due to bodily injury to one person," and to $50,000 for each accident, which the policy defined as "all damages due to bodily injury to two or more persons in the same accident." John Descheemaeker filed suit against Fliger for his injuries, claiming damages in excess of $25,000. Patricia, David and Lisa Descheemaeker, John Descheemaeker's wife, son and daughter, joined in that action, seeking damages for loss of consortium, society and companionship and alleging damages in excess of $25,000. State Farm brought a declaratory judgment action against the Descheemaekers in Macomb Circuit Court, seeking a determination of whether its total liability on the Descheemaekers' claims was controlled by the "each person" limitation or the "each accident" limitation. The trial court, Kenneth N. Sanborn, J., ruled that the $25,000 "each person" limitation controlled and that plaintiff's total liability on all of defendants' claims was $25,000. Defendants appealed.

The Court of Appeals *held:*

The "each accident" coverage clearly applies only where there is a bodily injury to two or more persons in the same accident. Since the claims of the wife and children did not arise out of a separate bodily injury but rather were derivative claims arising out of a bodily injury to a single individual, the claims are controlled by the $25,000 "each person" limitation rather than the $50,000 "each accident" limitation.

Affirmed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 354, 357 *et seq.*

Consortium claim of spouse, parent or child of accident victim as within extended "per accident" coverage rather than "per person" coverage of automobile liability policy. 46 ALR4th 735.

INSURANCE — NO-FAULT — BODILY INJURY — LIMITS OF COVERAGE.
Derivative claims for loss of consortium, society and companionship brought by members of the family of a person injured in an automobile accident are, along with the claim for personal injury by the injured person, subject to the "each person" limitation of liability coverage of a no-fault insurance policy rather than the "each accident" limitation of the policy where the policy provides that the higher limit of coverage for each accident shall apply to "all damages due to bodily injury to two or more persons in the same accident."

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Ernst W. Kuck*), for plaintiff.

*Levin, Levin, Garvett & Dill* (by *Jeffrey A. Heldt*), for defendants.

Before: CYNAR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

PER CURIAM. Defendants appeal as of right from a January 22, 1988, order granting summary disposition under MCR 2.116(C)(10) in favor of plaintiff on its complaint for declaratory relief. Plaintiff sought a determination of the extent of coverage afforded under a no-fault policy. The trial court ruled that all of defendants' claims came within the policy limit of $25,000 for "each person," and not the policy limit of $50,000 for "each accident" sought by defendants. We affirm.

The facts are not in dispute. On January 30, 1986, plaintiff's insured, Carolyn Fliger, was involved in an automobile accident with defendant John Descheemaeker, who sustained serious physical injuries. Fliger's insurance policy provided generally for liability coverage for bodily injury of $25,000 per person and $50,000 per accident.

John Descheemaeker filed suit against Fliger for his physical injuries, and his wife and children joined his suit seeking derivative damages for loss

of consortium, society and companionship. It was agreed by the parties that John Descheemaeker's damages alone exceeded $25,000 and that the damages to his wife and children also exceeded $25,000. Defendants' claims against Fliger were settled by payment of the undisputed $25,000 policy limit for liability to a single individual (John Descheemaeker), with the second $25,000 (the difference between the policy limit for "each person" and the policy limit for "each accident") left to the final outcome of plaintiff's declaratory action. We agree with the trial court's ruling that defendants were not entitled to the second $25,000.

Since the question presented for our consideration is essentially one of contract interpretation, we begin by noting some of the basic rules applied to the construction of insurance contracts. The insurance contract must be interpreted by reading it as a whole and giving the contract language its ordinary and plain meaning rather than a technical or strained meaning. *Boyd v General Motors Acceptance Corp,* 162 Mich App 446, 452; 413 NW2d 683 (1987). If, after reading the entire contract, it can be reasonably understood in different ways, one providing coverage and the other excluding coverage, the contract is ambiguous and it is to be liberally construed against the drafter and in favor of coverage. *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982); *Usher v St Paul Fire & Marine Ins Co,* 126 Mich App 443, 447; 337 NW2d 351 (1983). If, on the other hand, the contract language is not ambiguous, and does not contravene public policy, its terms must be enforced. *Raska, supra,* p 362; *Usher, supra,* p 447.

Here, defendants argue that, because John Descheemaeker's wife and children suffered derivative damages for loss of consortium, society and com-

panionship as a result of his physical injuries suffered in the accident with plaintiff's insured, they are entitled to an additional $25,000 under the policy provisions providing coverage for bodily injuries. We reject this argument for two reasons.

First, the underlying policy defines a "bodily injury" as meaning "bodily injury to a person and sickness, disease or death which results from it." This definition of "bodily injury" has been found to be unambiguous and has been understood as contemplating "actual physical harm or damage to a human body." *Farm Bureau Mutual Ins Co of Michigan v Hoag,* 136 Mich App 326, 334-335; 356 NW2d 20 (1984), and see *National Ben Franklin Ins Co of Michigan v Harris,* 161 Mich App 86, 89; 409 NW2d 733 (1987). Nonphysical injuries, such as humiliation and mental anguish, that lack any physical manifestations do not constitute a "bodily injury." *Hoag, supra,* p 335; *Harris, supra,* p 89. Therefore, it follows that other nonphysical injuries, such as a loss of consortium, society and companionship, which lack any physical manifestations, are also not bodily injuries.

Secondly, even if the claims made by John Descheemaeker's wife and children did meet the minimal requirement of physical manifestation, the policy limit of $25,000 for "each person" would preclude their recovery because their damages would still be derivative in nature to John Descheemaeker's bodily injury. When policies fix a maximum recovery for "bodily" injury to one person, it has generally been held that the limitation is applicable to all claims of damages flowing from the bodily injury, even if part of the damages are claimed by someone other than the person suffering the bodily injury in the accident. In other words "all damage claims, direct and consequential, resulting from injury to one person, are sub-

ject to the limitation." Anno: *Construction and application of provision in liability policy limiting the amount of insurer's liability to one person,* 13 ALR3d 1228, 1234.

Here, the underlying policy set forth a $25,000 "each person" limitation and a $50,000 "each accident" limitation in the declaration page for bodily injuries. The related provisions describing precisely what bodily injuries are covered and what limitations apply state, in pertinent part:

> We will pay damages which an *insured* becomes legally liable to pay because of:
>
> a. *bodily injury* to others,
>
> * * *
>
> caused by accident resulting from the ownership, maintenance or use of *your car.*
>
> * * *
>
> *Limits of Liability—Coverage A*
>
> The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability—Coverage A—Bodily Injury, Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person.* Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person," for all damages due to *bodily injury* to two or more *persons* in the same accident. [Emphasis in original.]

We hold that this language is not ambiguous. Read as a whole, the $50,000 "each accident" limitation does not apply unless two or more persons "in the same accident" are entitled to recover damages due to a bodily injury. Here, only one of the defendants, John Descheemaeker, was in the accident and, hence, the only limitation that applies is the $25,000 "each person" limitation. By defining "each person" as "the amount of coverage

for all damages due to bodily injury to one person," the policy plainly subjects all damages, including any covered derivative damages, arising out of the physical/bodily injury to the person involved in the accident, to a $25,000 limitation.

Therefore, we conclude that the trial court correctly found that the "each person" liability limit of $25,000 under the policy was all that was available to satisfy the claims of all of the defendants in this lawsuit. John Descheemaeker was the only person to suffer physical injury from the accident and, hence, the only person to suffer the "bodily injury" necessary to trigger coverage under the policy. Since his damages alone exceeded $25,000, the other defendants cannot recover under any circumstances.[1]

Affirmed.

[1] Both parties cite *Auto Club Ins Ass'n v Lanyon,* 142 Mich App 108; 369 NW2d 269 (1985), as providing some support for their positions on whether defendants were entitled to an additional limit of liability. We disagree for the reason that *Lanyon* is factually distinct from this case. Unlike the underlying policy here, the *Lanyon* policy contained express language that the liability limit for "each person" includes "all claims for derivative damages." The mere absence of that express language here does not mean that derivative damages are "bodily injury" and is not dispositive of whether defendants are entitled to an additional limit of liability.