**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0395n.06

No. 10-2568

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | **FILED** *Apr 12, 2012* LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE |
| KYLE MICHAEL BEACH; CHARLES KURT BEACH; DANIEL REISS, | ) ) ) ) | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Defendants, | ) ) | OPINION |
| JUDITH REISS, as Next Friend of SDR, VR & NR, minors, | ) ) ) | |
| Defendant-Appellant. | ) ) ) | |

BEFORE: SUHRHEINRICH, STRANCH, and DONALD, Circuit Judges.

PER CURIAM. Judith Reiss, acting as next friend to three minors, appeals the district court's judgment granting summary judgment to Liberty Mutual Fire Insurance Company ("Liberty Mutual").

In 2007, Kyle Beach caused an automobile accident in which Daniel Reiss suffered serious physical injuries. Beach was driving a vehicle owned by his father, Charles Beach, and he was insured under an automobile insurance policy issued by Liberty Mutual to his father. Daniel Reiss

filed suit in state court against several defendants, including Kyle and Charles Beach, seeking damages for his injuries. Reiss's ex-wife, Judith Reiss, filed a separate suit in state court on behalf of their three children against several defendants, including Kyle and Charles Beach, seeking damages for pain and suffering, mental anguish, emotional distress, loss of consortium, and loss of support resulting from the injuries to Daniel Reiss. The state courts resolved all relevant issues other than the extent of Liberty Mutual's liability under the insurance policy.

Liberty Mutual filed a complaint in the district court, seeking a declaration that, under the circumstances, its liability under the policy was limited to $100,000. The district court granted summary judgment to Liberty Mutual and issued the requested declaration. Judith Reiss appealed on behalf of the three children, arguing that the district court erred by determining that Liberty Mutual's liability under the policy was limited to $100,000.

"When, as here, federal jurisdiction is based upon diversity of citizenship, we must apply the law of the forum state." *Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 404 (6th Cir. 2005). "We apply the relevant state law in accordance with the controlling decisions of the highest court of that state." *Telxon Corp. v. Fed. Ins. Co.*, 309 F.3d 386, 391 (6th Cir. 2002). Further, "we will accept the holding of a state intermediate appellate court with respect to state law unless we determine the highest court of the state would decide otherwise." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1095 (6th Cir. 2010) (internal alteration and quotation marks omitted). Under Michigan law, which applies to the dispute in this case, "insurance policies are subject to the same contract construction principles that apply to any other species of contract." *Rory v. Cont'l Ins. Co.*, 703 N.W.2d 23, 26 (Mich. 2005).

Under the automobile insurance policy at issue, Liberty Mutual agreed to pay damages for "bodily injury" for which an insured became responsible because of an automobile accident. "Bodily injury" means "bodily harm, sickness or disease, including death that results." The relevant "limit of liability" provision provides as follows:

> The limit of liability shown in the Schedule or in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for " bodily injury" resulting from any one auto accident.

The policy declarations state that the limit for bodily injury liability is $100,000 for each person and $300,000 for each accident.

Defendant argues that the district court relied on non-binding and non-persuasive case law. Liberty Mutual counters that Defendant's attempt to recover multiple per-person limits under the Liberty policy fails for two reasons: (1) the minors' claims, which are in the nature of loss of consortium claims, do not constitute bodily injury; and (2) even if the minors had sustained bodily injury, their claims are clearly derivative of the bodily injury sustained by their father, and therefore do not trigger a separate per-person limit under the Liberty policy.

As the district court recognized, there is a Michigan Court of Appeals opinion from 1989, directly on point, holding that a claim of loss of consortium by a minor based on the bodily injury of a parent is not a bodily injury. *See State Farm Mut. Auto. Ins. Co. v. Descheemaeker*, 444 N.W.2d 153, 155 (Mich. Ct. App. 1989). There appear to be no conflicting decisions, so the conflict procedure of Michigan Court Rule 7.215(J) does not apply. Further, because the children's alleged

No. 10-2568
*Liberty Mutual Fire Ins. Co. v. Beach, et al.*

injuries are derivative of the physical injuries sustained by Daniel Reiss in the accident, a single per-

person limit would apply. *See id.* at 155.

Accordingly, we affirm the district court's judgment.