HUNTER v SISCO

Docket No. 306018. Submitted November 14, 2012, at Detroit. Decided April 2, 2013, at 9:10 a.m. Leave to appeal sought.

Harold Hunter, Jr., brought an action in the Genesee Circuit Court against David Sisco, Auto Club Insurance Association, and the city of Flint Transportation Department, seeking damages for injuries, including shock, emotional damage, pain, and suffering, allegedly sustained in an automobile accident that occurred when a dump truck owned by the city of Flint Transportation Department (hereafter "defendant") and driven by Sisco, defendant's employee, sideswiped plaintiff's vehicle, which was insured under an automobile insurance policy issued by Auto Club. Defendant sought summary disposition, arguing that, under the motor vehicle exception to governmental immunity, MCL 691.1405, plaintiff may only recover for bodily injury and property damage and that Auto Club is liable for plaintiff's economic damages, including medical expenses. Defendant alleged that plaintiff's claims for emotional damages are not contemplated in the motor vehicle exception and that it is not liable for any damages because plaintiff failed to establish a serious impairment of body function. Plaintiff responded by noting that he was seeking damages for bodily injury and emotional damages, asserting that he had sustained an objectively manifested injury to his back and that the evidence showed that the injury affected his ability to live his normal life because it prevented him from working and participating in his prior recreational activities. The court, Joseph J. Farah, J., denied defendant's motion on the bases that genuine issues of material fact remained regarding whether the accident caused plaintiff's injuries and whether plaintiff suffered a serious impairment of a body function. The court additionally ruled that, should plaintiff prove his claim, plaintiff is entitled to recover damages from defendant for pain and suffering because the limitation to recovery for "bodily injury" in MCL 691.1405 embraces and encompasses pain and suffering associated with the bodily injury. Defendant appealed.

The Court of Appeals held:

1. A governmental agency may only be liable for bodily injury and property damage under the motor vehicle exception to governmental immunity. The phrase "bodily injury" simply means a physical or corporeal injury to the body and does not include pain and suffering, shock, emotional damage, or stress. The motor vehicle exception does not state or suggest that governmental agencies are liable for "any" damages once a plaintiff makes a threshold showing of bodily injury or property damage. Nonphysical injuries that lack any physical manifestations do not constitute a bodily injury. The trial court erred by holding that bodily injury encompass emotional damages of the kind claimed by plaintiff.

2. Plaintiff raised questions of fact regarding whether the accident caused an objectively manifested impairment and, if so, whether the impairment was to an important body function and whether it affected his ability to lead a normal life. The trial court correctly denied summary disposition on the basis that genuine issues of material fact remained in dispute. The trial court must hold an evidentiary hearing to resolve those issues.

Affirmed in part, reversed in part, and remanded.

1. GOVERNMENTAL IMMUNITY — MOTOR VEHICLE EXCEPTION — BODILY INJURY — PROPERTY DAMAGE.

A governmental agency may be liable under the motor vehicle exception to governmental immunity only for bodily injury and property damage; immunity is waived under the "bodily injury" provision of the exception only for claims of physical or corporeal injury to the body and not with regard to claims for pain and suffering, emotional shock, or stress; nonphysical injuries that lack any physical manifestations do not constitute a bodily injury (MCL 691.1405).

2. GOVERNMENTAL IMMUNITY — MOTOR VEHICLE EXCEPTION — EXCESS DAMAGES — SERIOUS IMPAIRMENT OF BODY FUNCTION.

A plaintiff making a tort claim for excess damages under the motor vehicle exception to governmental immunity must, as a threshold, show a serious impairment of body function as set forth in MCL 500.3135; a plaintiff, to establish a serious impairment of a body function, must show an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) of an important body function (a body function of value, significance, or consequence to the injured person) that affects the person's general ability to lead a normal life (influences some of the person's capacity to live in his or her normal manner of living) (MCL 691.1405).

*Allan Falk, P.C.* (by *Allan Falk*), and *Weiner & Associates, P.C.* (by *Cyril V. Weiner*), for Harold Hunter, Jr.

*John Postulka*, Assistant City Attorney, for the city of Flint Transportation Department.

Before: SAWYER, P.J., and SAAD and METER, JJ.

SAAD, J. The city of Flint Transportation Department (hereafter "defendant") appeals the trial court's denial of its motion for summary disposition. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEEDINGS

This case arises out of an automobile accident that occurred July 20, 2009. Plaintiff's vehicle was sideswiped by a dump truck owned by defendant and driven by defendant's employee, defendant David Sisco. Plaintiff testified that he and Sisco were traveling at approximately 10 to 15 miles an hour when the accident occurred. At the time, plaintiff was covered under an auto insurance policy issued by defendant Auto Club Insurance Association (ACIA). A police officer determined that Sisco was at fault for the accident. Plaintiff asked Sisco to call an ambulance and medical personnel subsequently examined plaintiff and then left the scene. Thereafter, plaintiff's mother drove plaintiff to Hurley Medical Center. The hospital discharged plaintiff the same day with a final diagnosis of lower back pain and a doctor prescribed ibuprofen and a muscle relaxant for him. The discharge instructions directed plaintiff to increase his activity "as tolerated" and to follow up with his primary-care doctor.

Plaintiff did not seek further treatment until October 10, 2009. Plaintiff testified that his back pain made it more and more difficult to get out of bed in the morning so, on the advice of a friend, he went to the Mundy Pain Clinic for physical therapy. Thereafter, on February 12, 2010, plaintiff went to the clinic, complaining of neck and back pain, spasms, and weakness. He underwent a nerve-conduction study and an electromyography (EMG) test and the results were normal. However, the doctor noted that plaintiff appeared to have bilateral sacroiliac joint inflammation.

Later, on March 13, 2010, an MRI showed no injury to plaintiff's sacroiliac joints, but showed a herniated disc in plaintiff's lumbar spine. An EMG performed on April 15, 2010, showed that plaintiff had a pinched nerve at the same place on his lumbar spine. Plaintiff alleges that, because of the accident, he was unable to work at his job as a custodian at a barber shop. He further claims that he was unable to perform chores around the house, he could not sit or stand for long periods, he was unable drive, bend, or lift more than 5 to 10 pounds, and he could no longer play softball or basketball with his son and the young people he mentored.

Defendant filed a motion for summary disposition and argued that, under the motor vehicle exception to governmental immunity, MCL 691.1405, plaintiff may only recover for bodily injury and property damage and that plaintiff's no-fault insurer, ACIA, is liable for his economic damages, including medical expenses. Defendant maintained that plaintiff's claims for emotional damages are not contemplated in the motor vehicle exception. Moreover, defendant argued that it is not liable for any damages because plaintiff failed to establish a serious impairment of body function. In response,

plaintiff argued that he is seeking bodily injury and emotional damages from defendant and is legally entitled to both. Plaintiff asserted that he sustained an objectively manifested injury to his back and that the evidence shows that the injury affected his ability to live his normal life because it prevented him from working and participating in his prior recreational activities.

The trial court denied defendant's motion for summary disposition on the ground that genuine issues of material fact remained in dispute about whether the auto accident caused plaintiff's injuries and whether plaintiff suffered a serious impairment of a body function. The court also ruled that, should he prove his claim, plaintiff is entitled to recover damages for pain and suffering from defendant because the limitation to recovery for bodily injury "embraces and encompasses pain and suffering associated with the bodily injury . . . ." Defendant appeals that ruling.

## II. DISCUSSION

### A. STANDARDS OF REVIEW AND APPLICABLE LAW

Defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(7) and (10). "A trial court's ruling on a motion for summary disposition is reviewed de novo." *Burise v City of Pontiac*, 282 Mich App 646, 650; 766 NW2d 311 (2009). "A trial court properly grants summary disposition under MCR 2.116(C)(7) when a claim is barred because of immunity granted by law." *Petipren v Jaskowski*, 294 Mich App 419, 424; 812 NW2d 17 (2011). "When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine

issue of material fact exists." *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). Further, "[t]he applicability of governmental immunity and the statutory exceptions to immunity are also reviewed de novo on appeal." *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).[1]

Under the governmental tort liability act (GTLA), MCL 691.1407(1), "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." As this Court explained in *Petipren*, 294 Mich App at 425:

> "The existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency." *Duffy v Dep't of Natural Resources*, 490 Mich 198, 204; 805 NW2d 399 (2011). The statutory exceptions must be narrowly construed. *Maskery v Univ of Mich Bd of Regents*, 468 Mich 609, 614; 664 NW2d 165 (2003). A plaintiff bringing suit

---

[1] We reject plaintiff's claim that this Court lacks jurisdiction to decide this appeal. As this Court recently stated in *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 436; 824 NW2d 318 (2012), under MCR 7.203(A) and MCR 7.202(6)(a)(v), "this Court has jurisdiction to decide an appeal of right from an order denying governmental immunity under MCR 2.116(C)(7) or 'denying a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity,' but the appeal is limited to 'the portion of the order with respect to which there is an appeal of right.' " However, the *Seldon* Court also recognized that "[i]n *Walsh v Taylor*, 263 Mich App 618, 625; 689 NW2d 506 (2004), this Court interpreted the provisions and opined that 'regardless of the specific basis of the trial court's ruling on a motion for summary disposition, whenever the effect is to deny a defendant's claim of immunity, the trial court's decision is, in fact, "an order denying governmental immunity," ' and is reviewable under MCR 7.203(A) and MCR 7.202(6)(a)(v)." *Sheldon*, 297 Mich App at 436. Both the issues raised by defendant on appeal relate to whether it is immune from suit, and this Court has jurisdiction to review both issues.

against the government must plead in avoidance of governmental immunity. *Odom* [*v Wayne Co*, 482 Mich 459, 478-479; 760 NW2d 217 (2008)].

This case requires our interpretation of the motor vehicle exception to governmental immunity, MCL 691.1405, which provides: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." As our Supreme Court explained in *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007):

> When interpreting a statute, our primary obligation is to ascertain and effectuate the intent of the Legislature. To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language. When the language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted.

It is undisputed that David Sisco worked for defendant and that the trial court ruled that he negligently operated the dump truck in a manner that led to the collision with plaintiff's vehicle, though the parties dispute whether the collision caused plaintiff's pinched nerve and herniated disc.

### B. EMOTIONAL INJURIES

In his complaint, plaintiff claimed he sustained injuries from "shock and emotional damage" as well as pain and suffering. Plaintiff also testified that he felt stress and disappointment that he cannot provide for his son as he had in the past and could not participate in certain activities he did before his injury. As discussed below, we hold that such damages

are precluded under MCL 691.1405 because a governmental agency may only be liable for "bodily injury" and "property damage."

The trial court ruled that "bodily injury" encompasses emotional damages of the kind claimed by plaintiff. Thus, at issue is the scope and meaning of "bodily injury" in MCL 691.1405. As our Supreme Court explained in *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 84; 746 NW2d 847 (2008): "This [statute] is clear: it imposes liability for "bodily injury" and "property damage" resulting from a governmental employee's negligent operation of a government-owned motor vehicle. The waiver of immunity is limited to two categories of damage: bodily injury and property damage." In *Wesche*, our Supreme Court considered the meaning of "bodily injury" for purposes of the motor vehicle exception and opined:

> Although the GTLA does not define "bodily injury," the term is not difficult to understand. When considering the meaning of a nonlegal word or phrase that is not defined in a statute, resort to a lay dictionary is appropriate. *Horace v City of Pontiac*, 456 Mich 744, 756; 575 NW2d 762 (1998). The word "bodily" means "of or pertaining to the body" or "corporeal or material, as contrasted with spiritual or mental." *Random House Webster's College Dictionary* (2000). The word "injury" refers to "harm or damage done or sustained, [especially] bodily harm." *Id*. Thus, "bodily injury" simply means a physical or corporeal injury to the body. [*Wesche*, 480 Mich at 84-85.]

Thus, under *Wesche*, defendant's immunity is waived only for claims of "physical or corporeal injury to the body." *Id*. at 85. And the Court in *Wesche* made clear that the limitation on the waiver of immunity with regard to "bodily injury" pertains even if a plaintiff seeks damages for other injuries after also meeting the requirement of proving a "bodily injury." As the Court explained, MCL 691.1405 limits recovery to bodily in-

jury or property damage and "does not state or suggest
that governmental agencies are liable for *any* damages
once a plaintiff makes a threshold showing of bodily
injury or property damage." *Wesche*, 480 Mich at 85-86.
Had the Legislature intended to simply create a thresh-
old that, once established, would permit noneconomic
or emotional damages, it would have done so explicitly
and, in the motor vehicle exception, it did not. *Id.* at 86.
In so holding, the Court in *Wesche* rejected the rationale
of *Kik v Sbraccia*, 268 Mich App 690, 709-710; 708
NW2d 766 (2005), vacated in part 268 Mich App 801
(2005), that, in the motor vehicle exception, the Legis-
lature intended to permit damages for something more
than physical harm, including pain and suffering dam-
ages, as long as a threshold of "bodily injury" was met.
*Wesche*, 480 Mich at 85-86.

The holding in *Wesche* also comports with caselaw
and our rules of statutory construction. Indeed, our
jurisprudence interpreting and applying the GTLA in-
structs that no expansive reading of the motor vehicle
exception is appropriate or permitted. "The immunity
from tort liability provided by the governmental immu-
nity act is expressed in the broadest possible language;
it extends to all governmental agencies and applies to
all tort liability when governmental agencies are en-
gaged in the exercise or discharge of governmental
functions." *McLean v McElhaney*, 289 Mich App 592,
598; 798 NW2d 29 (2010), citing *Nawrocki v Macomb
Co Rd Comm*, 463 Mich 143, 156; 615 NW2d 702 (2000).
Thus, as recognized by the Court in *Wesche*, the immu-
nity conferred to defendant here is broad. In contrast,
because the Legislature clearly intended to limit the
exposure of governmental entities to tort litigation, the
small number of exceptions to that immunity must be
read and construed narrowly, as in *Wesche*. *Nawrocki*,
463 Mich at 149.

As discussed, "[t]he primary objective in construing a statute is to ascertain and give effect to the Legislature's intent." *McLean*, 289 Mich App at 597-598. MCL 8.3 provides that, "[i]n the construction of the statutes of this state, the rules stated in [MCL 8.3a to MCL 8.3w] shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature." Accordingly, we are bound to follow the Legislature's further directive that "[a]ll words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a.

Again, if given, a definition in a statute controls, and "bodily injury" is undefined in MCL 691.1405. *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007). Unquestionably, "bodily injury" could be considered a term of art that has acquired a unique legal meaning in our jurisprudence and, in such cases, "[i]t is presumed that the Legislature in using a term which has a well-defined meaning at the time of a legislative enactment intended that meaning to be employed." *Paprocki v Jackson Co Clerk*, 142 Mich App 785, 791; 371 NW2d 450 (1985). The meaning of "bodily injury," and the differences among claims for "bodily injury," "personal injury," and emotional or psychological injuries are manifest in our caselaw. In criminal cases, our courts have clearly defined "bodily injury" to mean physical damage to a person's body. *People v Cathey*, 261 Mich App 506, 514; 681 NW2d 661 (2004), citing MCL 777.33(1). Our courts have interpreted coverage for "bodily injury" in insurance policies as not encompassing those for mental suffering unless there exists some physical manifestation of the mental suffering, which is

clearly lacking here. See *State Farm Fire & Cas Co v Basham*, 206 Mich App 240, 243; 520 NW2d 713 (1994), citing *Nat'l Ben Franklin Ins Co of Mich v Harris*, 161 Mich App 86, 90; 409 NW2d 733 (1987), and *Farm Bureau Mut Ins Co of Mich v Hoag*, 136 Mich App 326, 332, 335; 356 NW2d 630 (1984). In *State Farm Mut Auto Ins Co v Descheemaeker*, 178 Mich App 729; 444 NW2d 153 (1989), this Court explained that, when a policy defines "bodily injury" as " 'bodily injury to a person and sickness, disease or death which results from it,' " it is "unambiguous and has been understood as contemplating 'actual physical harm or damage to a human body.' " *Id.* at 732, quoting *Hoag*, 136 Mich App at 334-335. "Nonphysical injuries, such as humiliation and mental anguish, that lack any physical manifestations do not constitute a 'bodily injury.' *Hoag*, [136 Mich App at 335; *Harris*, 161 Mich App at] 89. Therefore, it follows that other nonphysical injuries, such as a loss of consortium, society and companionship, which lack any physical manifestations, are also not bodily injuries." *State Farm*, 178 Mich App at 732.

In considering the meaning of an undefined term of art it is also appropriate to consult a legal dictionary for guidance and to consider its meaning as developed at common law. *People v Flick*, 487 Mich 1, 11; 790 NW2d 295 (2010). As the Court recognized in *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 56; 760 NW2d 811 (2008), "Black's Law Dictionary (7th ed), p 789 . . . defines 'bodily injury' as '[p]hysical damage to a person's body.' " See also Black's Law Dictionary (9th ed), p 856.[2] In contrast, Black's defines "personal injury" to

---

[2] However, plaintiff's reliance on *Allen* to support his claimed damages is misplaced. In *Allen*, the Court considered whether the plaintiff suffered a brain injury in the vehicle accident and whether the brain injury constituted a "bodily injury" under MCL 691.1405. *Allen*, 281 Mich App at 50-51. Here, while plaintiff presented evidence that he

include "mental suffering," which is also in keeping with our caselaw. *Id.* at 857. As set forth in *Alfieri v Bertorelli*, 295 Mich App 189, 198; 813 NW2d 772 (2012), "the modern definition of a 'personal injury' [refers] to any invasion of a personal right, not only bodily injuries. Black's Law Dictionary (9th ed)." Further, "[i]n the tort context, an 'injury' is generally understood to mean '[a]ny wrong or damage done to another, either in his person, rights, reputation, or property.' Black's Law Dictionary (6th ed), p 785." *Karpinski v St John Hospital-Macomb Ctr Corp*, 238 Mich App 539, 543; 606 NW2d 45 (1999).

Thus, it is clear from myriad cases and lay and legal resources that, if the Legislature wanted to permit plaintiffs to recover within the motor vehicle exception damages for pain and suffering or emotional shock or stress, it could have done so by providing for "personal injury" or emotional damages in the statute. See, for example MCL 600.6301; *Potter v McLeary*, 484 Mich 397, 422 n 30; 774 NW2d 1 (2009). Instead, in drafting MCL 691.1405, the Legislature chose to specifically limit the waiver of immunity to bodily injury and property damage. Thus, the *Wesche* definition of "bodily injury" is clearly correct, regardless whether we view "bodily injury" as a legal term of art or consider its commonly understood meaning. Because "bodily injury" encompasses only "a physical or corporeal injury to the body," *Wesche*, 480 Mich at 85, the trial court erroneously ruled that plaintiff may recover damages for pain and suffering and "shock and emotional dam-

sustained a "bodily injury" to his back, his claim for emotional injuries is not one for which he may recover for the reasons set forth in *Wesche*. Unlike in *Allen*, here, there is no evidence that plaintiff had an objectively manifested brain injury that might have caused his claimed emotional injuries. *Id.* at 59-60.

age." Such damages simply do not constitute physical injury to the body and do not fall within the motor vehicle exception.

### C. SERIOUS IMPAIRMENT THRESHOLD

A plaintiff making a tort claim for excess damages under the motor vehicle exception must, as a threshold, show a serious impairment of body function as set forth in the no-fault act, MCL 500.3135. *Hardy v Oakland Co*, 461 Mich 561, 566; 607 NW2d 718 (2000). Here, the trial court ruled that plaintiff raised a genuine issue of material fact about whether he sustained a threshold injury pursuant to *McCormick v Carrier*, 487 Mich 180, 215-216; 795 NW2d 517 (2010). Defendant asks this Court to consider plaintiff's injuries under the standard set forth in *Kreiner v Fischer*, 471 Mich 109; 683 NW2d 611 (2004), but *Kreiner* was explicitly overruled by our Supreme Court in *McCormick*, 487 Mich at 222, and we are bound by stare decisis to follow the standard in *McCormick*. *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 447; 761 NW2d 846 (2008).

To establish a serious impairment of body function under *McCormick*, a plaintiff must show:

> (1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living). [*McCormick*, 487 Mich at 215.]

As this Court explained in *Nelson v Dubose*, 291 Mich App 496, 498-499; 806 NW2d 333 (2011):

> *McCormick* shifted the focus from the injuries themselves to how the injuries affected the plaintiff's body

function. *McCormick*, 487 Mich at 197. This shift eased the burden on the plaintiff to show how the impairment prevented the plaintiff from leading a normal life. Now, the plaintiff has to show that the plaintiff's ability to lead a normal life has been affected by comparing the plaintiff's life before and after the injury. *Id.* at 200, 202–203.

"[A]n 'objectively manifested' impairment is commonly understood as one observable or perceivable from actual symptoms or conditions." *McCormick*, 487 Mich at 196. Plaintiff testified that, when defendant's truck collided with his vehicle, there was a "violent jerk" and he felt immediate pain in his middle and lower back. Plaintiff further testified that his back pain persisted after the accident and that he underwent physical therapy, electronic stimulation, and manipulation under anesthesia. Over time, he was also prescribed stronger pain medications and additional muscle relaxants. Medical documents show that, while plaintiff showed no noticeable back problem on an EMG in February 2010, in March and April, tests showed a herniated disc and pinched nerve in plaintiff's back. While plaintiff underwent these tests several months after the accident and, as the trial court noted, a question of fact remains whether the accident actually caused this condition, plaintiff raised an issue of fact regarding the existence of an objectively manifested impairment.

Plaintiff also presented evidence to raise a question of fact about whether the impairment was to an important body function and whether it affected his ability to lead a normal life. These questions require a case-by-case determination "because what may seem to be a trivial body function for most people may be subjectively important to some, depending on the relationship of that function to the person's life." *Id.* at 199. Further, "[d]etermining the effect or influence that the impair-

ment has had on a plaintiff's ability to lead a normal life necessarily requires a comparison of the plaintiff's life before and after the incident." *Id.* at 202. Plaintiff testified that, for several months after the accident, his back pain prevented him from working, he needed assistance running errands because he could not drive, he needed someone else to cut the grass, rake leaves, do laundry, clean the house, cook, and grocery shop. He further testified that he could not sit or stand for long periods and, therefore, could not attend sporting events or participate in various recreational activities he had enjoyed before the collision. Accordingly, the trial court correctly denied defendant's motion for summary disposition on this ground.

While the trial court correctly ruled that genuine issues of material fact remain in dispute, because this case involves the application of governmental immunity, and because defendant brought its motion under both MCR 2.116(C)(7) and (10), the proper remedy in this case is for the trial court to hold a full evidentiary hearing to determine whether plaintiff did, indeed, suffer a serious impairment of body function and whether the collision caused his injury. *Dextrom*, 287 Mich App at 432. As this Court explained in *Strozier v Flint Community Sch*, 295 Mich App 82, 87-88; 811 NW2d 59 (2011):

> This issue involves an interesting conundrum that arises when motions for summary disposition are brought under both MCR 2.116(C)(10) and (7). Under MCR 2.116(C)(10), when a court determines that a genuine issue of material fact exists, it must deny the motion for summary disposition and allow the fact-finder to resolve the disputed issues of fact at a trial. *Dextrom* [, 287 Mich App at 430]. However, as this Court stated in *Dextrom*, "[a] *trial* is not the proper remedial avenue to take in resolving the

factual questions under MCR 2.116(C)(7) dealing with governmental immunity." *Id.* at 431.

We further reiterate that "the motor-vehicle exception applies only to liability for 'bodily injury and property damage,' " *Wesche*, 480 Mich at 87 n 12, and plaintiff is only entitled to such excess damages should he prevail on the merits.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SAWYER, P.J., and METER, J., concurred with SAAD, J.