# STATE OF MICHIGAN

# COURT OF APPEALS

TINA MARIE LETSON,

        Plaintiff-Appellee,

UNPUBLISHED
April 16, 2015

v

PINCONNING AREA SCHOOLS,

        Defendant-Appellant,

and

No. 320006
Bay Circuit Court
LC No. 12-003757-NI

DENICE ANN NOVAK,

        Defendant.

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying its motion for partial summary disposition pursuant to MCR 2.116(C)(7) (governmental immunity). We affirm.[1]

Plaintiff was seriously injured when her vehicle collided with a school bus driven by Pinconning Area Schools bus driver Denice Ann Novak.[2] Plaintiff alleged that as a direct and proximate result of Novak's negligent acts or omissions, she sustained a serious impairment of bodily function, which included allegations that she suffered vertigo, loss of balance, decreased range of motion, pain and suffering, mental anguish and anxiety, depression, fright and shock, denial of social pleasures and enjoyment, embarrassment, humiliation, and mortification. Defendant moved for partial summary disposition, arguing that plaintiff's claims for pain and suffering were precluded by the motor vehicle exception to governmental immunity. The trial court disagreed and denied the motion.

---

[1] Plaintiff's challenge to this Court's jurisdiction is considered and rejected.

[2] The claims against Novak were dismissed on summary disposition and are not at issue in this appeal.

-1-

This Court's reviews de novo a trial court's decision on summary disposition. *Hannay v Dep't of Trans*, 497 Mich 45, 58; 860 NW2d 67 (2014). A motion brought under MCR 2.116(C)(7) "tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Haliw v City of Sterling Heights*, 464 Mich 297, 301-302; 627 NW2d 581 (2001). In deciding a motion under MCR 2.116(C)(7), "a trial court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Herman v Detroit*, 261 Mich App 141, 143-144; 680 NW2d 71 (2004) (citations omitted).

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, provides broad immunity to governmental agencies when engaged in the discharge of a governmental function. MCL 691.1407(1); *Robinson v Detroit*, 462 Mich 439, 455; 613 NW2d 307 (2000). However, the GTLA contains several exceptions, including the motor vehicle exception in MCL 691.1405. The motor vehicle exception provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Complied Laws of 1948. [MCL 691.1405.]

Here, the only dispute is whether the phrase "bodily injury" includes damages such as pain and suffering.

Defendant, relying on this Court's opinion in *Hunter v Sisco*, 300 Mich App 229; 832 NW2d 753 (2013), aff'd in part and rev'd in part *Hannay v Dep't of Transp* 497 Mich 45, 52-53; 860 NW2d 67 (2014), and our Supreme Court's decision in *Wesche v Mecosta Co Rd Comm*, 480 Mich 75; 746 NW2d 847 (2008), asserts that the phrase "bodily injury" does not include damages for pain and suffering or emotional damages. However, our Supreme Court recently overruled this Court's decision in *Hunter* and clarified its holding in *Wesche* in a way that precludes defendant's position. *Hannay*, 497 Mich at 62-64.

Specifically, the Supreme Court held that the phrase "liable for bodily injury" means

> legally responsible *for damages flowing from* a physical or corporeal injury to the body. Stated differently, "bodily injury" is simply the category of harm (i.e., the type of injury) for which the government waives immunity under MCL 691.1405 and thus, for which damages that naturally flow are compensable. Therefore, the legal responsibility that arises from "bodily injury" is responsibility for *tort damages* that flow from that injury. [*Id*. at 64-65 (emphasis in original).]

Tort damages generally include damages that naturally flow from the injury, which may include noneconomic damages, such as those for pain and suffering and mental and emotional distress. *Id*. 65. Thus, *Hannay* concluded that "the phrase 'liable for bodily injury' within the motor vehicle exception means that a plaintiff who suffers a bodily injury may recover for items

of tort damages that naturally flow from that physical or corporeal injury to the body, which may include both economic and noneconomic damages." *Id*. at 68.

Accordingly, plaintiff is not precluded from recovering damages for any pain and suffering that she can prove, and the trial court did not err in denying defendant's motion for partial summary disposition.

Affirmed.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray