# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM A. MOTLEY and KEITH L. DICKERSON,

        Plaintiffs-Appellants,

v

ALEXANDER EDUARDOVICH SADOVSKIY,

        Defendant-Appellee.

UNPUBLISHED
August 11, 2015

No. 317190
Ingham Circuit Court
LC No. 11-000429-NI

---

WILLIAM A. MOTLEY and KEITH L. DICKERSON,

        Plaintiffs-Appellants,

v

STATE OF MICHIGAN,

        Defendant-Appellee.

No. 317192
Ingham Circuit Court
LC No. 11-000038-MZ

---

SARAH STAINBACK,

        Plaintiff-Appellant,

v

STATE OF MICHIGAN,

        Defendant-Appellee.

No. 317193
Ingham Circuit Court
LC No. 11-000099-MP

---

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

-1-

Plaintiffs sued defendants following a motor vehicle accident. Defendants moved for summary disposition under MCR 2.116(C)(7) (immunity granted by law), arguing among other things that governmental immunity precluded plaintiffs from seeking noneconomic damages. The trial court agreed and granted the motion. Plaintiffs appeal as of right. In Docket No. 317190, we dismiss the appeal. In Docket Nos. 317192 and 317193, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The essential facts that give rise to this case are undisputed. On August 27, 2010, plaintiff Sarah Stainback was driving a car in which plaintiffs William A. Motley and Keith L. Dickerson were passengers. The car was stopped on I-96 because of traffic. Defendant Alexander Sadovskiy, driving a car that belonged to the Michigan Department of Transportation (MDOT),[1] struck Stainback's car from behind. Three lawsuits arose from the accident. In Ingham Circuit Case No. 11-000099-MP, Stainback sued the State of Michigan. In Ingham Circuit Case No. 11-000038-MZ, Motley and Dickerson sued the State of Michigan. Finally, in Ingham Circuit Case No.11-000429-NI, Motley and Dickerson sued Sadovskiy.

In May 2013, Sadovskiy and the State of Michigan moved for summary disposition pursuant to MCR 2.116(C)(7). Sadovskiy contended that he was entitled to governmental immunity under MCL 691.1407 because he had not been grossly negligent and his operation of the MDOT vehicle had not been the proximate cause of Dickerson's injuries. The State of Michigan contended that it was entitled to governmental immunity under MCL 691.1405 because it was undisputed that plaintiffs had not sustained economic damages and plaintiffs were not entitled to noneconomic damages pursuant to this Court's decision in *Hunter v Sisco*, 300 Mich App 229; 832 NW2d 753 (2013), rev'd sub nom *Hannay v Dep't of Transp*, 497 Mich 45; 860 NW2d 67 (2014).[2] The trial court granted defendants' motion, holding that pursuant to this Court's decision in *Hunter*, 300 Mich App at 240-241, plaintiffs were precluded from seeking noneconomic damages. The court also found that it was beyond genuine factual dispute that Sadovskiy had not been grossly negligent.

Plaintiffs appealed to this Court, asserting as their sole claim of error that the trial court erred by holding that they were not entitled to seek damages for noneconomic injuries.[3]

---

[1] According to defendant State of Michigan, Sadovskiy was a "student intern."

[2] After the parties had filed their briefs on appeal in this Court, our Supreme Court granted leave to appeal in *Hunter*, 495 Mich 960 (2014). On our own motion, we held this case in abeyance pending the Supreme Court's decision in *Hunter*. *Motley v Sadovskiy*, unpublished order of the Court of Appeals, entered May 7, 2014 (Docket Nos. 317190, 317192, 317193).

[3] Plaintiffs Motley and Dickerson have abandoned their appeal in Docket No. 317190. Indeed, plaintiffs' counsel conceded at oral argument before this Court that the trial court properly granted summary disposition in favor of Sadovskiy on the ground that he was not grossly negligent. As a consequence, we dismiss the appeal in Docket No. 317190.

## II. ANALYSIS

In general, governmental agencies are immune from tort liability when they are engaged in a governmental function. MCL 691.1407; *Mitchell v Detroit*, 264 Mich App 37, 41; 689 NW2d 239 (2004). However, there are six statutory exceptions to this general rule. *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 84; 746 NW2d 847 (2008). In the present case, the exception at issue is the motor-vehicle exception, MCL 691.1405, which provides in pertinent part, "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ."

In *Hannay*, 299 Mich App 261, 270; 829 NW2d 883 (2013), aff'd in part, rev'd in part 497 Mich 45 (2014), this Court held that the motor-vehicle exception contemplates awarding economic damages. The defendant in *Hannay* argued that the language of MCL 691.1405 "preclude[d] awarding economic damages . . . because the damages recoverable pursuant to the motor vehicle exception are for the treatment of the bodily injury itself but not the broader damages associated with the bodily injury." *Id*. at 268. This Court rejected that argument, holding "that the bodily injury that must be incurred to maintain an action against a governmental entity and the items of damages recoverable from those injuries are separate and distinct from one another." *Id*. at 270. "To hold otherwise," this Court explained, "would conflate the actual-bodily-injury requirement for maintaining a motor vehicle cause of action against a governmental entity with the types of damages recoverable as a result of the bodily injury." *Id*.

In *Hunter*, this Court held that the motor-vehicle exception does not contemplate awarding noneconomic damages. The Court held that noneconomic damages "are precluded under MCL 691.1405 because a governmental agency may only be liable for 'bodily injury' and 'property damage.' " *Hunter*, 300 Mich App at 235-236. The Court reasoned that noneconomic damages "simply do not constitute physical injury to the body and do not fall within the motor vehicle exception." *Id*. at 241.

Our Supreme Court affirmed the pertinent holding of *Hannay* and reversed the pertinent holding of *Hunter*. *Hannay*, 497 Mich at 88. It held that the phrase "liable for bodily injury" in MCL 691.1405 "means legally responsible for damages flowing from a physical or corporeal injury to the body." *Id*. at 64. The Court explained that " 'bodily injury' is simply the category of harm (i.e., the type of injury) for which the government waives immunity under MCL 691.1405 and, thus, for which damages that naturally flow are compensable." *Id*. The Court went on to hold that such damages include noneconomic damages, noting that it is a

> longstanding principle that tort damages generally include the damages that naturally flow from the injury, which may include both economic damages, such as damages incurred due to the loss of the ability to work and earn money, as well as noneconomic damages, such as pain and suffering and mental and emotional distress damages. [*Id*. at 67.]

Given our Supreme Court's decision in *Hannay*, plaintiffs are not precluded from seeking noneconomic damages against the State of Michigan. We reverse the trial court's grant of

summary disposition in favor of the State of Michigan and remand for further proceedings with respect to plaintiffs' claims for noneconomic damages.[4]

In Docket No. 317190, we dismiss the appeal. In Docket Nos. 317192 and 317193, we reverse the grant of summary disposition in favor of the State of Michigan and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. In Docket Nos. 317192 and 317193, plaintiffs may tax their costs pursuant to MCR 7.219. No taxable costs in Docket No. 317190.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Jane M. Beckering

---

[4] Contrary to the argument of the Assistant Attorney General, plaintiffs Motley and Dickerson did not waive review of this issue or fail to preserve it for appeal. All three plaintiffs sought noneconomic damages in the trial court. It is true that Motley and Dickerson did not argue in the trial court that this Court had wrongly decided *Hunter*. At all relevant times, however, this Court's published decision in *Hunter* was binding on the trial court, which was required to follow it. It would defy logic to require a plaintiff to question or challenge the validity of binding, published caselaw simply to preserve a pure issue of law for later appeal. Plaintiffs Motley and Dickerson are free to avail themselves of our Supreme Court's subsequent reversal of this Court's decision in *Hunter*, notwithstanding the fact that they did not address the merits of this Court's decision below.